## No. 1290.

EUGENIE LUNEAU, TUTRIX, vs. ELLEN EDWARDS, ADMINISTRATRIX.

The privilege granted by law in section 128 of the Revised Statutes, in favor of attorneys-at-law for the amount of their professional fees on all judgments obtained by them, cannot be extended so as to affect property which the creditor may have acquired in execution or in satisfaction of the judgment.

When the judgment has been satisfied it ceases to have a legal existence, and hence it cannot be applied to any privilege or other legal purpose.

APPEAL from the Twelfth District Court, Parish of Avoyelles. *Blackman*, J.

*L. J. Ducoté* for Plaintiff and Appellant.

*A. V. Coco* and *E. N. Callum* for Defendant and Appellee.

The opinion of the Court was delivered by

POCHÉ, J. The only question presented on appeal in this case, which properly should have been entitled "Succession of Fielding Edwards, on Oppositions to Tableau of Debts," is the asserted privileges of an attorney-at-law, predicated on section 128 of the Revised Statutes (acts of 1868, p. 209), which reads as follows:

"From and after the passage of this act, in addition to the privileges enumerated in title twenty-first of the Civil Code of this State, a special privilege is hereby granted in favor of attorneys-at-law for the amount of their professional fees on all judgments obtained by them, to take rank as a first privilege thereon."

The following are the facts which bear on the issue presented:

Opponent was the counsel of Fielding Edwards a short time before his death in an action for the revindication of the possession of a tract of land established as a plantation, and its appurtenances, which had gone-into the possession of the defendant in the suit, under an agreement of a future sale between him and Edwards.

That litigation was ended by a compromise between the parties, which was made the judgment of the Court, and under which Edwards obtained possession of all the property in question, save a small portion thereof.

Opponent asserts a privilege, for the amount of his professional fees for obtaining the judgment above stated, on the property thereby revindicated, and which was inventoried in the succession of Fielding Edwards. He prosecutes this appeal from an adverse judgment.

The question for solution involves a proper construction of the statute which creates a privilege in favor of attorneys-at-law for their fees on judgments obtained by them, and whether the privilege thus created can affect property which the owner of the judgment may obtain or revindicate in execution, or by virtue, of the judgment.

Under our laws privileges arise from the nature of the act or contract as an effect of the law, and not as a result of the stipulations and consent of the parties. Hence flows the rule that privileges must be strictly construed, particularly when the enforcement of the same, as in this case, would affect the interests of third persons.

It appears from the foregoing statement of facts that the judgment obtained by opponent has ceased to exist as an effective judgment, from the fact that the possession of the property which it called for has been obtained by the creditor, and that nothing could now or heaceforwarward be obtained or realized under it. As a mandate of the Court it has filled his mission, has served all purposes which it could accomplish, and hence it has ceased to have a legal existence. Therefore it does not appear in the inventory as an asset of the succession, and it thence follows that under the terms of the statute, opponent is asserting a privilege on "something nothing," on a thing of the past, and which can no longer be reached.

To grant the relief which he now seeks, would require a construction of the statute under which the privilege would not only attach to the judgment which the attorney has obtained, but to the property which the owner of the judgment had acquired under the same.

This would simply be judicial legislation, by means of which a new provision would be interpolated in the statute.

The law has restricted the effect of the privilege which it created to the judgment obtained by the attorneys, and courts are powerless to extend it to another and different property. We therefore conclude and we hold that opponent has no privilege on the property the possession of which had been revindicated by means of the judgment which he had obtained.

Judgment affirmed.