### No. 9997.

MEYER WEILL.—MECHANICS AND TRADERS' INSURANCE COMPANY vs. MRS. MARY ANN LEVI ET AL.

Where a fund exceeding $2,000, realized by the sale of mortgaged property, is in the hands of the sheriff, and the whole fund is claimed by the seizing creditor, and $1,000 of said fund is claimed by a third opponent in preference to said creditor, this Court has jurisdiction of the case.

The controversy involves the distribution of the entire fund.

Where the minutes of the court show that the motion for the appeal and the order thereon granting the appeal were made in open court, parol evidence is inadmissible, in the absence of any averment of fraud or error, to contradict the record. The record is conclusive.

Sections 128 and 2897 of the Revised Statutes confer no privilege upon real estate in favor of attorneys at law for their professional fees in obtaining judgment maintaining the title and possession of defendants in a petitory action.

The moment such a judgment becomes final its object is attained, and nothing remains to which a privilege could attach.

A PPEAL from the Civil District Court for the Parish of Orleans. *Voorhies*, J.

---

*Singleton, Browne & Choate* and *Percy Roberts* for Plaintiffs and Appellants.

*W. S. Benedict, Chas. Louque* and *Farrar & Kruttschnitt* for Defendants and Appellees.

---

#### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

TODD, J. The motion rests upon two grounds:

1st. Want of jurisdiction; and

2d. Want of proper order of appeal.

The plaintiffs seized and sold certain real estate of the defendant,

which realized $13,000.   A third opposition was made claiming $1,000 out of that amount in preference to the plaintiffs.

The contest relates exclusively to the distribution of a fund exceeding $2,000.   The plaintiffs claim the entire fund,

It has been decided in a similar case that this Court had jurisdiction. Renshaw vs. Stafford, 34 Ann. 1138.

The third opponent, who is appellee, claims that the motion of appeal was not made and granted in open court; and for the purpose of showing this, he obtained from this Court a qualified order authorizing the court of the first instance to receive evidence on the subject.

The minutes of that court show that the motion was made and allowed in open court.

The order for the reception of evidence by the lower court reserved the right of the appellant touching the admissibility of the evidence.

An entry on the minutes may, in exceptional cases, be attached and declared null, but this could only be done for causes and reasons which have not been alleged in the instant case.

Under the showing made, the proof adduced by the appellee is inadmissible and cannot be considered.

The minutes as they stand conclude him.   4 N. S. 176; 14 Ann. 726; 34 Ann. 1117.

The motion is therefore denied.

---

## ON THE MERITS.

WATKINS, J.   The plaintiffs, as mortgage creditors of the defendant, Mrs. Levi—Meyer Weill for the sum of $5,000, and the Mechanics and Traders' Insurance Company for $10,000—in separate executory proceedings, caused the mortgaged property to be seized and sold; and the sum of $13,500 was realized, an amount insufficient to satisfy their demands.

In each of these proceedings Charles Louque filed an intervention and third opposition, in which he claims the sum of $1,000, with privilege on the mortgaged property superior in rank to the plaintiffs' mortgages, as compensation due him for professional services rendered Thomas J. Sellers, a former owner, in maintaining his title to the property sold.

Thomas J. Sellers, as third opponent, claims the sum of $200 for rice straw fed to the stock on the plantation, while it was under seizure, to be paid him in preference to all others.

These claims were first made in the suit of Meyer Weill vs. Mary Ann Levi—*this* plaintiff having made the first seizure—and, on the

trial of the *concursus* thus formed, the judge *a quo* gave judgment in favor of Louque in full, and of Sellers for $100, and recognizing their privileges as superior to those of the mortgage creditors; and the latter have appealed.

. Louque seeks to recover for professional services rendered to the defendant in the petitory action, entitled F. E. Trepagnier vs. Thomas J. Sellers, in which plaintiff's claim of title was successfully resisted, and that of defendant maintained. During the pendency of this suit the defendant, Mrs. Levi, purchased the property from Sellers, at the price of $32,801.73, which was represented in great part by her assumption of a previously existing and duly recorded mortgage of Sellers. Her title was registered in the book of conveyances on the 14th of January, and the Sellers mortgage was registered in the mortgage office on the 5th of January, 1884. Louque's affidavit, stating his lien and privilege on the judgment (then recently rendered) and on the property, was recorded in the book of mortgages on the 11th of January, 1884. The two mortgages in favor of the appellants were in part concurrent, and executed by Mrs. Levi on the 15th of April, 1884.

If Louque's demand is well grounded in law, it ranks that of the seizing creditor's, as it was first recorded. The Sellers mortgage assumed by Mrs. Levi as a part of the purchase price of the property has been paid and discharged; and she, having been divested of title by a judicial sale, is without interest in this controversy. Louque's affidavit was recorded prior to Mrs. Levi's title. His reliance is placed on the provisions of Revised Statutes, sections 128 and 2897, which are as follows, viz: "A special privilege is hereby granted in favor of attorneys at law for the amount of their professional fees *on all judgments* obtained by them, to take rank as a first privilege thereon." His contention is that the judgment he obtained for Sellers, decreeing him the owner of the property, conferred upon him a privilege on the *property;* while that of the appellants is, that the privilege is restricted to the *judgment.*

The statute in terms confers "a special privilege * * * in favor of attorneys at law on * * * all *judgments* obtained by them." Privileges are *stricti juris* and cannot be extended by inference to other objects than those mentioned in the statute granting them. Guided by this familiar rule of interpretation, our conclusion is that opponent Louque's demand is unfounded and should have been rejected in the court below. In our opinion this statute was not intended by the Legislature to confer upon an attorney at law a lien or privilege upon his

client's property, real or personal, for professional services rendered in the maintenance of his possession or ownership thereof.

In a recent case, Luneau, tutrix, vs. Edwards, adm'x—decided at Opelousas, *vide* 39 Ann. 876—we employed the following language: " The privilege granted by law, in Section 128 of the Revised Statutes, in favor of attorneys at law, for the amount of their professional fees, on all judgments obtained by them, cannot be extended so as to affect property which the creditors may have acquired in execution or satisfaction of the judgment. When the judgment has been satisfied it ceases to have a legal existence, and hence it cannot be applied to any privilege or other legal purpose."

In the case of Trepagnier vs. Sellers, the judgment maintained the defendant's title and possession. The moment that judgment became final its mission was ended and its object attained, without the issuance, even, of a writ of possession. It was a judgment of that class which recognizes the *status* of a thing, and which ceases to have a legal existence the moment it is created—except as a muniment of title—and to which a lien or privilege could not attach.

The claim of Sellers rests mainly on the evidence of witnesses, whose testimony was heard and considered by the judge of the court below, and we are not prepared to differ from him in his appreciation of it.

It is therefore ordered, adjudged and decreed that the judgment of the lower court in favor of the opponent, Charles Louque, be reversed at his cost, and that the judgment in favor of T. J. Sellers be affirmed; and that the cost of appeal be shared ratably by appellants and Louque.