## N. B. K. PETTINGILL
### *v.*
## PETRONILA PATRICIA RIOS and Her Husband, FRANCISCO NOYA.

---

## N. B. K. PETTINGILL
### *v.*
## CLEMENTINA LUGO ET AL.

---

San Juan, Equity, Nos. 592 and 609.

1. There is no law in Porto Rico specifically giving an attorney a lien for his fees, but, where a contract exists between the parties for such a lien, a court of equity will enforce its specific performance the same as any other proper contract where such relief is granted.

---

Note. — The authorities bearing upon various questions relating to liens of attorney are discussed in the following notes: As to lien of attorney for compensation, see note to Texas v. White, 19 L. ed. U. S. 992; as to right of attorney to recover upon *quantum meruit* for services rendered under illegal or champertous contract, note to Barngrover v. Pettigrew, 2 L.R.A.(N.S.) 261; priority of claim for services of attorney against property in hands of receiver over recorded liens, note to First Nat. Bank v. Cook, 2 L.R.A.(N.S.) 1036; dismissal of suit to defeat attorney's lien or claims to compensation, note to Jackson v. Stearns, 5 L.R.A.(N.S.) 390; attorney's lien on client's cause of action for tort, note to Boogren v. St. Paul City R. Co. 3 L.R.A.(N.S.) 379; attorney's lien on fund in bastardy proceedings, note to Costigan v. Stewart, 11 L.R.A.(N.S.) 630.

Pettingill v. Rios.

2. *Quære:* And not decided whether the proper procedure is to decree that a lien exists, and enforce its registration, or to oblige the respondents to execute a mortgage or a lien in accordance with this contract under the local law.

3. Even in Porto Rico, under the Civil-Law rule, it is not the universal rule that a purchaser of lands is not bound by the equities between the registered owners and other regarding the same, not appearing on the record.

4. A court such as the district court of the United States for Porto Rico, having chancery jurisdiction, can, even under the Civil Law in Porto Rico, enforce the specific performance of a contract for attorneys' fees to the extent of making the same a lien upon real estate, and can do this even against parties who purchased the land with full knowledge of complainant's rights. Such purchasers cannot, either at the common law or under the Civil Law, be held to be "terceros," or innocent purchasers for value without notice.

5. Federal courts recognize no common-law lien for attorneys' fees, especially on real estate, and will enforce the same only where the local law permits it, or equity and good conscience otherwise require it.

Opinion filed July 1, 1909.

---

*Mr. N. B. K. Pettingill,* attorney for himself, in cause No. 592.

*Messrs. Martin Travieso, Herminio Diaz,* and *Cayetano Coll y Cuchi* for defendants.

*Messrs. N. B. K. Pettingill* and *F. L. Cornwell,* attorneys for plaintiff in cause No. 609.

*Messrs. Frank Antonsanti, Eugenio Benitez,* and *José Benitez Castaños* for the defendants.

Pettingill v. Rios.

RODEY, Judge, delivered the following opinion:

These actions are bills in equity filed by complainant to establish and enforce liens against the property recovered, for his fees in prosecuting appeals to the Supreme Court of the United States, in what have become known as the "María Ríos de Rubio Cases," 209 U. S. 283, 52 L. ed. 794, 28 Sup. Ct. Rep. 548. The issue is raised by general demurrers to the bills. The matters in controversy are so connected as that the issues thus raised 'were jointly argued and submitted, so they will be here 'considered together.

In case No. 592 there was no written contract for fees, and no agreed compensation; but in the bill it is alleged that the sum of $1,250 is a reasonable sum for the services rendered. It is, however, stated in the bill, that all of the appellants in the María Ríos de Rubio Cases, among whom was the present respondent Petronils Patricia Ríos (her husband being now joined only because he is her husband), agreed that the appeal should be taken to the Supreme Court of the United States, and that complainant should be employed for that purpose to represent all the parties.

In the second case, No. 609, the bill alleges that there was a written contract signed by the respondents, who were two sets of other appellants in said María Ríos de Rubio Cases, providing that each should pay the sum of $4,000, or a fee of $8,000 in all, to the complainant, and that said contract further provides as follows: "And it is further understood and agreed that the party of the first part shall have a lien upon the land belonging to the respective parties (involved in the suit) to secure the payment of the said fee."

Pettingill v. Rios.

In case No. 592, the respondents demurred squarely on the ground that there is no such thing known to the law in Porto Rico as an attorneys' lien for fees; certainly not as against real property.

In the second case, No. 609, it appears that, pending the appeals to the Supreme Court of the United States, all of the property involved was either sold or mortgaged to one José J. Benitez, and he is the only one that has demurred, and he places his demurrer on the ground that even though he knew,—and it is alleged in the complaint that he in fact did know, of the contract for the fee, and the lien, that still he is not in law. bound, as the contract was not annotated in the registry of property, under the requirements of the mortgage law of Porto Rico.

After some little examination of the authorities as to the right of attorneys to liens upon judgments generally, and upon the property of their clients for their fees, we feel authorized to say that there probably is a great deal of misapprehension in the minds of the bar generally on that subject. In a general way, an attorney has a lien on the papers connected with a suit that may be in his hands, and he may hold them until his fees are paid. Also, it is undoubtedly the best opinion, especially in jurisdictions that allow a lien by statute on judgments, that where an attorney engages in litigation for the recovery of real estate, and does in fact recover it, and his client has no other property, and refuses to pay him, and the interest of no innocent third party has intervened, courts of equity will often enforce his lien in a proper proceeding, certainly as against the property he has recovered, to compensate him, and this even though the attorney would also have a remedy at law directly against his client; because, if his proceeding is to enforce a lien, and

Pettingill v. Rios.

it alleges that the respondent has no other property, a court of equity is the proper tribunal for that purpose. See Fillmore v. Wells, 10 Colo. 228, 3 Am. St. Rep. 567, 15 Pac. 343. This is a case in which that subject is quite extensively considered. It may, though, as a general proposition, be affirmed, that Federal courts recognize no lien at common law (nor here in Porto Rico or elsewhere at the civil law) beyond that given by the local law. See Gregory v. Pike, 15 C. C. A. 33, 21 U. S. App. 658, 33 U. S. App. 76, 67 Fed. 837; Sherry v. Oceanic Steam Nav. Co. 72 Fed. 565; Luneau v. Edwards, 39 La. Ann. 876, 6 So. 24; Weill v. Levi, 40 La. Ann. 135, 3 So. 559; Central R. & Bkg. Co. v. Pettus, 113 U. S. 117, 28 L. ed. 916, 5 Sup. Ct. Rep. 387; Slide & Spur Gold Mines v. Seymour (vendor's lien) 153 U. S. 509, 38 L. ed. 802, 14 Sup. Ct. Rep. 842; 3 Am. & Eng. Enc. Law, pp. 460, 461.

Of course, in any proceeding by an attorney to enforce a lien against real property for his fees in jurisdictions where there is no statute giving the right, the relief will be denied where the rights of innocent third parties, without notice, have intervened. This was held to be the rule in this court by a former incumbent of this bench in equity suit No. 247, entitled, Nemesio Guardiola v. Piza Hermanos, in an opinion filed by Judge McKenna under date of December 29, 1904, which can be seen in the files. There is no statute on the subject in Porto Rico.

It may probably be stated that there is no uniform rule on the subject of the right of an attorney to a lien for his fees in the different states of the Union. The fact appears to be that nearly every state has a statute of its own, specifically governing the subject, and very few of them give a lien as of right upon real estate. See Weeks on Attorneys at Law, 2d

ed. § 385, where a synopsis of the statutes of the different states is set forth.  Of course, in cases such as is No. 609, above, where the attorney has a direct contract for a lien, the situation is entirely different; and, as between the parties themselves, any court of equity having jurisdiction will enforce the specific performance of the contract.

A feeling appears to exist in the minds of all native lawyers here in Porto Rico, and also in the minds of many American lawyers practising before this court, especially since the decision of the Supreme Court of the United States in Romeu v. Todd, 206 U. S. 358, 51 L. ed. 1093, 27 Sup. Ct. Rep. 724, that there is something unusually sacred about the mortgage law of this island, and that no person, even though he may have full actual knowledge of the fact, is affected by, or bound by, any contract or agreement between the registered owners of real estate and others, unless such agreement is annotated in the registry of property.

We might, as a general proposition, admit this contention, if it did not go to the extent of implying that such third party is not bound even when he has knowledge of the agreement; especially when that agreement is in writing, and by its terms creates, at least *inter partes,* an equitable lien against the property in question, and such third party buys with direct intent to defeat, or even defraud, the claimant!  If courts of equity have any reason for their existence, we think that such a case is surely one of them.

While conceding the full force of the ruling in Romeu v. Todd, which is that innocent purchasers are not bound by constructive notice, such as arose from the old chancery rule of *lis pendens,* unless the fact of the pendency of the suit is noted in the registry, still, it is our opinion that, in this island of

Pettingill v. Rios.

Porto Rico, as well as in the several states of the Union, no person can be an innocent purchaser for value when he has complete knowledge of the rights of another regarding the same, and courts of equity here as elsewhere have power to enforce the rights of the parties in such a case.

It is being continually asserted before us that, under the mortgage law of Porto Rico, every person is a "tercero" or innocent third party, no matter what his knowledge is, if he was not a party to the contract or instrument. We do not think this is so at the Civil Law any more than at the common law, and we think that the supreme court of Porto Rico has so held. See the case of Valdes v. del Valle, 1 Castro, P. R. 26–32–34; also Voigt v. Rivas, 1 Castro, P. R. 60–62. We are also of the opinion·that the Supreme Court of Spain has so held; at least, the supreme court of Portò Rico says it did, in its opinion in the case of Vicenty v. Vasquez y Otro, 3 Castro, P. R. 478–491. Counsel for complainant here contends also that the same holding of the Supreme Court of Spain is manifest in the Juris. Civil Reps., Book 89, p. 252, and Id. 82, p. 311; Id. p. 6; Id. 92, p. 551; Id. 95, p. 772; Id. 100, p. 679; Id. 102, p. 390.

From an examination of the record in these cases at bar, it is our opinion that all of the parties concerned in the María Ríos de Rubio appeals to the Supreme Court of the United States were thoroughly cognizant of the appeals taken; in fact, it is so alleged, and the demurrers admit it; and of the fact that the plaintiff was looking to the land he should recover to compensate him for the large amount of work involved in that controversy; and the respondents in suit No. 592 were cognizant not only of these facts, but also of the signing of the agreement for the lien by the other respondents.

Pettingill v. Rios.

The remedy for respondents in both suits here is to pay complainant's bill for his fees as they have contracted to; or if, as in case No. 592, no compensation was fixed, it is for them to tender into court what they deem to be proper compensation, or show their readiness to have the court fix a proper fee. The bills allege in both cases that all defendants refuse absolutely to pay complainant anything, and further alleges that they have no other property; therefore, a suit at law would be wholly inadequate.

We cannot agree with the doctrine boldly stated by the respondent Benitez, that it makes no difference whether he had knowledge of complainant's rights or not. We think it does make a great difference, and that he could not buy or take a mortgage on that land, even under the mortgage law of Porto Rico, with full knowledge of complainant's rights, simply because the contract between the parties was not annotated in the registry.

We do not think this holding in any way militates against our holding in the second appeal in the Romeu v. Todd, ante, 445, because the facts in that case were entirely different. Even with notice of the proceeding, a third party would not be bound until the complainant in that suit had succeeded in canceling a registered title for his own particular benefit.

Therefore the demurrer in each case will be overruled; but nothing said in the expression of these views will in any manner affect the right of the respondents to deny in their answers any of the facts stated in the bills, or to insist that the proper decree to be given in the cases shall be one to oblige the respondents to specifically perform their contract and execute a mortgage. Orders to this effect will be entered.