# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 19-282

PRIOLA CONSTRUCTION CORPORATION

VERSUS

CAMERON PARISH POLICE JURY, ET AL.

**********

APPEAL FROM THE
THIRTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF CAMERON, NO. 10-19950
HONORABLE PENELOPE Q. RICHARD, DISTRICT JUDGE

**********

## VAN H. KYZAR
## JUDGE

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and Van H. Kyzar, Judges.

**AFFIRMED ON OTHER GROUNDS.**

**Hunter W. Lundy**
**Daniel A. Kramer**
**Lundy, Lundy, Soileau & South, L.L.P.**
**P. O. Box 3010**
**Lake Charles, LA 70602**
**(337) 439-0707**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Priola Construction Corporation**

**David J. Krebs**
**Richard Baudouin**
**Cassandra Hewlings**
**Krebs, Farley & Dry**
**400 Poydras Street, Suite 2500**
**New Orleans, LA 70130**
**(504) 299-3571**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Travelers Casualty & Surety Company of America**

**Joseph P. Guichet**
**Jay Farmer**
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**
**601 Poydras Street, Suite 2775**
**New Orleans, LA 70130**
**(504) 568-1990**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Travelers Casualty & Surety Company of America**

**Jennifer A. Jones**
**District Attorney**
**W. Thomas Barrett, III**
**Assistant District Attorney**
**Thirty-Eighth Judicial District**
**P. O. Box 280**
**Cameron, LA 70631**
**(337) 775-5713**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Cameron Parish Police Jury**

**KYZAR, Judge.**

The plaintiff, Priola Construction Corporation, appeals from a trial court judgment granting partial summary judgment in favor of the defendant, Travelers Casualty and Surety Company of America, dismissing its claims for a declaratory judgment recognizing a privilege in favor of its counsel for attorney fees from funds disbursed in a concursus proceeding instituted in another suit. For the reasons set forth herein, we affirm on other grounds.

### FACTS AND PROCEDURAL HISTORY

The contractor, Priola Construction Corporation (Priola), entered into a Public Works Contract with the Cameron Parish Police Jury (CPPJ) on June 3, 2011, for the construction of the Cameron Parish Sheriff's Office and Correctional Facility (the Project), for the sum of $11,150,000.00. Because this was a Public Works Contract in excess of $25,000.00, Priola was required to obtain a bond for fifty percent of the contract price. La.R.S. 38:2241(A)(2). Thus, Priola contracted with Travelers Casualty and Surety Company of America (Travelers) for a surety bond to guarantee its performance and completion of the Project and to guarantee payment of any claims by subcontractors, suppliers, etc.

On May 9, 2017, Priola filed suit against CPPJ and Travelers alleging breach of contract and damages from delays allegedly caused by CPPJ, its architect, and Travelers. We restrict our discussion of the record to Priola's claims against Travelers as only those claims are the subject matter of this appeal. As to Travelers, Priola alleged that when it began experiencing the alleged delays, it informed Travelers of its intent to complete the Project even if it experienced losses. Priola asserted that after receiving this information, Travelers interfered in its contract with CPPJ when it sent a representative to the Project, who informed

CPPJ and the subcontractors that Travelers would be taking over the Project because Priola was going or had gone bankrupt.

As a result of these actions, Priola claimed that Travelers breached its insurance, bonding, and surety contract, as well as its indemnity contract, and was liable to it for damages, including delay damages and the costs it incurred in bonding off Public Works Act claims by subcontractors and suppliers involved in the Project. Priola further asserted that it incurred attorney fees related to its claims against CPPJ and Travelers and in defending itself from the claims of the subcontractors and suppliers.

Priola further asserted that funds were being held in escrow by its counsel as a result of a concursus hearing in *Cameron Parish Police Jury v. Priola Construction Corp.*, Number 10-19649. In that matter, CPPJ had placed the remaining $563,609.13 due on the Project into the registry of the court and instituted a concursus hearing, impleading Priola, Travelers, and fourteen subcontractors and suppliers to "require[] them to assert their respective claims contradictorily against all other parties[.]" At the conclusion of the concursus proceeding, the trial court released CPPJ from all personal liability as to the La.R.S. 38:2242 claimants, except as to Priola, and ordered the clerk of court to cancel any outstanding claims filed in the mortgage records relative to the Project. It further ordered the clerk of court to transfer the funds held in the registry of the court to Priola, through its counsel, "subject to the stipulation that such funds be held in trust by Lundy, Lundy, Soileau & South, L.L.P. and used first to pay any undisputed amounts of claims brought by subcontractors of Priola Construction Corporation[.]" A judgment was rendered by the trial court on September 21, 2016.

In the instant petition, Priola alleged that $197,569.30 remained in escrow after the satisfaction of all undisputed claims related to the Project, and it claimed

2

that its counsel had a privilege over these funds pursuant to La.R.S. 9:5001, superior to all other privileges or liens, for the payment of their fees. Priola alleged that Travelers contested its right to $77,756.90 of the $197,569.30 due to its subrogation rights arising from payments it (Travelers) made to subcontractors and suppliers in satisfaction of their Public Works Act claims against Priola. Thus, Travelers contended that Priola could not use the escrow funds to partially pay its attorney fees incurred in relation to this matter. For these reasons, Priola sought a declaratory judgment declaring its right to disburse funds from the escrow account to pay its attorney fees and that the privilege granted by La.R.S. 9:5001 to its counsel was superior to Travelers' subrogation rights.

After Travelers filed an answer and reconventional demands against Priola and third-party demands against Nickey Priola, Jr. and Carmen A. Priola, Priola's president and secretary, Priola and Travelers filed a joint motion to place the contested $77,756.90 into the registry of the court. Thereafter, Travelers moved for partial summary judgment, requesting the trial court to dismiss, with prejudice, Priola's request for declaratory judgment relative to its counsel's attorney fee privilege over these funds.

Following a hearing, the trial court granted partial summary judgment in favor of Travelers, dismissing Priola's claim for declaratory relief "regarding whether its attorneys enjoy a privilege to the funds held in the Registry of the Court that is superior to Travelers' alleged subrogation and assignment rights to the funds." In its oral ruling, the trial court stated:

> I'm persuaded by Travelers' argument. I don't believe that the judgment of August 29, 2016, was a judgment contemplated under the attorney liens statute. And I'm going to grant their motion for partial summary judgment.

A written judgment was rendered by the trial court on January 2, 2019.[1] It is from this judgment that Priola perfected this appeal.

On appeal, Priola asserts one assignment of error:

> The trial court erred as a matter of law by granting the motion for partial summary judgment, when it held that the judgment from the Concursus Proceeding is not the type of judgment giving rise to an attorney fee lien under Louisiana Revised Statute § 9:5001.

However, pursuant to La.Code Civ.P. art. 927(B), we notice *sua sponte* that the pleadings in Priola's petition fail to disclose that it has a right or interest to institute the claim relative to the privilege afforded its counsel under La.R.S. 9:5001. Accordingly, we need not address its assignment of error.

## OPINION

The law relating to the peremptory exception of no right of action was recently laid out by the supreme court in *State ex rel. Caldwell v. Molina Healthcare, Inc.*, 18-1768, pp. 5-7 (La. 5/8/19), _ So.3d _, _ (alteration in original):

> Generally, a legal action can be brought only by a person having a real and actual interest in doing so. See La. C.C.P. art. 681. "When the facts alleged in the petition provide a remedy under the law to someone, but the plaintiff who seeks the relief is not the person in whose favor the law extends the remedy, the proper objection is no right of action, or want of interest in the plaintiff to institute the suit." **Howard v. Administrators of Tulane Educ. Fund**, 07-2224, p. 16 (La. 7/1/08), 986 So.2d 47, 59 (citing FRANK L. MARAIST & HARRY T. LEMMON, LOUISIANA CIVIL LAW TREATISE: CIVIL PROCEDURE1 § 6.7, 121 (1999)). Such an objection is presented as a peremptory exception of no right of action raised by the defendant or noticed by the court on its own motion, in either the trial or appellate court. See La. C.C.P. arts. 927 and 2163. "The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La. C.C.P. art. 923.
>
> "The burden of showing that the plaintiff has stated no cause of action is upon the exceptor." **City of New Orleans v. Bd. of Directors of Louisiana State Museum**, 98-1170, p. 9 (La. 3/2/99),

---

[1] The other issues in this matter, which include breach of contract, tort, and indemnity claims, were not resolved by the time this judgment was granted, and trial on the merits as to these remaining issues has not been set.

4

739 So.2d 748, 755. "On the trial of the peremptory exception [of no right of action] pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." La. C.C.P. art. 931. In instances when "evidence [has been] introduced at the hearing" on a peremptory exception, "the trial court's findings of fact . . . are subject to the manifest error-clearly wrong standard of review." **London Towne Condominium Homeowner's Ass'n v. London Towne Co.**, 06-401, p. 4 (La. 10/17/06), 939 So.2d 1227, 1231.

In other respects, "[t]he determination of whether a plaintiff has a legal right to bring an action raises a question of law, which requires de novo review." **Rebel Distributors Corp., Inc. v. LUBA Workers' Comp.**, 13-0749, p. 10 (La. 10/15/13), 144 So.3d 825, 833 (citing, *inter alia*, **Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc.**, 06-0582, p. 9 (La. 11/29/06), 943 So.2d 1037, 1045. "An appellate court considering an exception of no right of action should focus on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the petition states a valid cause of action for some person." **Rebel Distributors**, 13-0749 at 10, 144 So.3d at 833. If doubt exists about the appropriateness of an objection of no right of action, it is to be resolved in favor of the plaintiff. **Rebel Distributors**, 13-0749 at 10, 144 So.3d at 833.

Assuming that Priola's petition states a valid cause of action for some person, we must determine whether it is a member of the class of persons that has a legal interest in the subject matter of the attorney fee privilege found in La.R.S. 9:5001 and, thus, has a right to assert this claim.

The legislature has enacted two statutes to assist attorneys in collecting fees from their clients. Louisiana Revised Statutes 9:5001 grants a special privilege to attorneys "for the amount of their professional fees on all judgments obtained by them, and on the property recovered thereby . . . to take rank as a first privilege thereon superior to all other privileges and security interests under Chapter 9 of the Louisiana Commercial Laws." Louisiana Revised Statutes 37:218, allows an attorney to acquire an interest in his client's suit, which as a special privilege, "take[s] rank as a first privilege thereon, superior to all other privileges and security interests under Chapter 9 of the Louisiana Commercial Laws," as under

5

La.R.S. 9:5001. If a written contract evidencing this interest is executed between the attorney and the client and filed in the parish records where the suit is pending, neither the attorney nor the client can settle the suit without the other's written consent. A settlement reached absent this written consent is rendered null and void. La.R.S. 37:218(A). Because La.R.S. 9:5001 and La.R.S. 37:218 deal with the same subject matter, jurisprudence has held that they are to be read *in pari materia*. *Palmer & Palmer v. Stire*, 195 So.2d 706 (La.App. 1 Cir. 1967), *writ refused*, 250 La. 645, 197 So.2d 899 (1967).

The legislative history of La.R.S. 9:5001 and La.R.S. 37:218 was discussed in detail by the supreme court in *Calk v. Highland Construction & Manufacturing*, 376 So.2d 495, 497-99 (La.1979) (second alteration in original):

> The state of the law in this area, relating to the protection afforded a lawyer for the collection of his fees, can be better appreciated by a brief review of the historical developments surrounding the applicable statutes.
>
> Sections 128 and 2897 of the Revised Statutes of 1870 were identical, and read as follows:
>
>> "From and after the passage of this act, in addition to the privileges enumerated in Title Twenty-first of the Civil Code of this State, a special privilege is hereby granted in favor of attorneys at law for the amount of their professional fees on all judgments obtained by them, to take rank as a first privilege thereon."
>
> In the case of *Luneau v. Edwards*, 39 La.Ann. 876, 6 So. 24 (1887), this court held that section 128 of the 1870 Revised Statutes gave attorneys a privilege on the judgments of their clients, but not on any property recovered in execution of such judgments.
>
> This Court affirmed *Luneau*, just one year later, in *Weil et al. v. Levi et al.*, 40 La.Ann. 135, 3 So. 559 (1888) stating:
>
>> "The statute in terms confers 'a special privilege * * * in favor of attorneys at law on * * * all judgments obtained by them.' Privileges are stricti juris, and cannot be extended by inference to other objects than those mentioned in the statute granting them. Guided by this familiar rule of interpretation, our conclusion is that the

6

opponent's demand is unfounded, and should have been rejected.  In our opinion this statute was not intended by the legislature to confer upon an attorney at law a lien or privilege upon his client's property, real or personal, for professional services rendered in the maintenance of his possession or ownership thereof."

Both of these cases dealt with the issue of whether an attorney had a privilege on the proceeds he recovered by judgment in his client's lawsuit, and both held that he did not.

In the case of *Smith v. V., S. & P. Railroad Co.*, 112 La. 985, 36 So. 826 (1904), the client's case did not reach judgment.  The attorney filed suit for the client, but before judgment, the suit was settled.  The attorney was claiming to have a privilege on the proceeds of the settlement.  This Court held, "The case here, as to lien vel non, was not within the terms of the statute, as no judgment had yet been obtained.  Rev.St. § 128."

All three of the foregoing cases influenced the Legislature in the enactment of Act No. 124 of 1906, which reads as follows:

"AN ACT (# 124)

To amend and re-enact Section 2897 of the Revised Statutes of 1870.

Be it enacted by the General Assembly of the State of Louisiana, That, Section 2897 of the Revised Statutes of 1870 be amended and re-enacted so as to read as follows:—

In addition to the privileges enumerated in title twenty-first of the Civil Code of Louisiana, a special privilege is hereby granted to attorneys-at-law for the amount of their professional fees on all judgments obtained by them, *and on the property recovered by said judgment*, either as plaintiff or defendant, to take rank as a first privilege thereon.

Provided, that, by written contract signed by the client, attorneys-at-law may acquire as their fee in such matter an interest in the subject matter of the suit, proposed suit or claim, in the prosecution or defense of which they are employed, whether such suit or claim be for money or for property, real, personal or of any description whatever.  And in such contract of employment, it shall be lawful to stipulate that neither the attorney nor the client shall have the right, without the written consent of the other, to settle, compromise, release, discontinue or otherwise dispose of such suit or

7

claim. Either party to said contract shall have the right at any time to file same with the clerk of the District Court where the suit is pending or is to be brought, and to have a copy made and served on the opposing party and due return made as in case of petitions in ordinary suits; from and after the date of such service, any settlement, compromise, discontinuance or other disposition made of such suit or claim by either the attorney or the client without the written consent of the other, shall be null and void, and such suit or claim shall be continued and proceeded with as if no such settlement or discontinuance had been made." (Emphasis provided[.])

The last clause of the first paragraph of the act was added as a result of the *Luneau* and the *Weil* cases. Those cases rendered Section 2897 (and Section 128) virtually ineffective since they held that the attorney's privilege did not extend to the proceeds recovered from the judgment but rather to the judgment alone. The clause emphasized above was added to breathe life back into Section 2897.

Even with the addition of the above clause, the attorney would still have been left unprotected if he settled the case rather than bringing it to judgment, as was held in *Smith*. To remedy this situation, the Legislature added the second paragraph of Act 124 of 1906. This addition was intended, seemingly at least, to give an attorney comparable protection pre-judgment to that afforded him post-judgment.

In an excellent opinion by Judge Leche, in *Davis v. O'Neal*, 160 So. 463 (Orl.La.App.1935), the Court of Appeal, after tracing the historical background of Act 124 of 1906, stated:

> "It is our opinion, as stated above, that the two paragraphs of the act relate to different situations, and that each was intended to provide a remedy in the particular circumstances contemplated by it, namely, that paragraph 1 was intended to confer a special privilege to take rank as a first privilege, not only on the judgment obtained, but on the property recovered by said judgment, and was enacted in view of the decisions in *Luneau v. Edwards and Mechanics' & Traders' Insurance Co. v. Levi et al*, [40 La.Ann. 135, 3 So. 559] supra. It is our further opinion that paragraph 2 of Act No. 124 of 1906 was intended to protect an attorney in the event of a compromise, settlement, or other disposition of the case Before a judgment was obtained and was designed by the Legislature to remedy the situation obtaining in the case of *Smith v. V., S. & P. Railroad Co.*, supra."

We believe that it was the intent of the Legislature, in amending and adding to § 2897 of the Revised Statutes of 1870, to provide

attorneys with a privilege on the proceeds recovered by judgment and to give them a corresponding remedy where their case is settled rather than brought to judgment.

In 1950, when our statutes were revised, Act 124 of 1906 was split into two separate statutes, R.S. 9:5001, containing the first paragraph of the Act, and R.S. 37:218, containing the second paragraph. With only some minor amendments, this is the state of the law today.

In *Calk*, the supreme court held that an attorney was not entitled to assert the La.R.S. 9:5001 privilege over proceeds he obtained for his client through settlement. However, in considering La.R.S. 37:218, it held:

[F]rom looking at the historical development of R.S. 37:218 and R.S. 9:5001, it is clear that the Legislature added the provisions of the present R.S. 37:218 to assist the attorney in collecting his fee when he settles a case in the same way he is assisted by R.S. 9:5001, when he brings the suit to judgment.

*Calk*, 376 So.2d at 499.

Using well recognized rules of statutory construction, "statutes in derogation of common rights, such as those creating liens and privileges, are to be strictly construed and are not to be extended by implication or through considerations of equity." *State ex rel. Maitrejean v. Demarest*, 229 La. 300, 303-04, 85 So.2d 522, 523-24 (1956). "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La.Civ.Code. art. 9. The interpretation of any statute begins with the language of the statute itself. *M.J. Farms, Ltd. v. Exxon Mobil Corp.*, 07-2371 (La. 7/1/08), 998 So.2d 16.

Louisiana Revised Statutes 9:5001(A) (emphasis added) provides that the privilege "is hereby granted **to attorneys at law** for the amount of their professional fees[.]" Louisiana Revised Statutes 37:218(A) (emphasis added) provides that "an **attorney at law**" may, in place of a fee, acquire an interest in his client's suit. Thus, it is clear from the legislative history and the clear language of

9

these statutes that the right of privilege granted over the proceeds of a judgment or settlement belongs to the attorney who obtained the proceeds in favor of his client. Indeed, the supreme court, in *Calk*, specifically stated that "for the attorney to succeed" in asserting the privilege, "*he must assert his claim by intervention or other legal proceedings* prior to disbursement of the proceeds to a third party." *Id.* (emphasis added).

In the instant case, counsel for Priola has neither intervened nor filed any legal proceeding asserting its attorney fee privilege over the funds distributed to Priola in the September 21, 2016 concursus judgment. As this right belongs solely to Priola's counsel, Priola has no right of action to assert the privilege. Accordingly, we sustain the peremptory exception of no right of action raised on our own motion, finding that Priola has failed to state a right of action to assert the La.R.S. 9:5001 attorney fee privilege. We further find that because it will be unable to remove these grounds through amendment of its petition, that portion of Priola's petition requesting declaratory judgment on the issue of the La.R.S. 9:5001 attorney fee privilege is dismissed with prejudice. La.Code Civ.P. art. 934.

## DISPOSITION

Based on the foregoing reasons, we maintain the peremptory exception of no right of action, raised *sua sponte*, because the pleadings in Priola Construction Corporation's petition fails to disclose that it has a right or interest to assert the attorney fee privilege afforded under La.R.S. 9:5001. Accordingly, we dismiss, with prejudice, that portion of its petition seeking a declaratory judgment on the issue of the attorney fee privilege granted by La.R.S. 9:5001. Thus, the judgment of the trial court is affirmed for the reasons stated. The costs of this appeal are assessed to Priola Construction Corporation.

**AFFIRMED ON OTHER GROUNDS.**

10