376 So.2d 495 (1979)
J. C. CALK
v.
HIGHLAND CONSTRUCTION & MANUFACTURING.
No. 64519.
Supreme Court of Louisiana.
October 8, 1979.
*496 J. P. Mauffray, Jr., Jena, for plaintiff-applicant.
Kenneth Rigby, Love, Rigby, Dehan, Ove & McDaniel, Shreveport, for Commercial Nat. Bank in Shreveport, seizing creditor-respondent.
CALOGERO, Justice.
In this case there is a contest involving a litigant, his attorney, and the litigant's creditor over $2000 recovered as a result of a compromise settlement between the litigant and a defendant in a personal injury suit. The trial court held that the attorney's right to the $2000 sum was superior to that of the creditor under R.S. 9:5001. The Court of Appeal reversed, holding that R.S. 9:5001 gives attorneys a privilege on property recovered by judgments, but not by settlements. We granted writs upon the application of the plaintiff.
The plaintiff, J. C. Calk, had a pending personal injury lawsuit against defendant, General Electric Company, et al. Calk's attorney was William Sanders. Commercial National Bank in Shreveport held a prior judgment against Mr. Calk. Under the authority of R.S. 13:3864, the bank seized Calk's interest in the personal injury suit. Before the personal injury case was tried, Calk, his attorney, and Commercial agreed to settle Calk's claim against General Electric for the sum of $2000 cash. They all further agreed to place the funds in the registry of the court for a determination by the court of their respective rights to the funds.
*497 The trial judge held that the plaintiff's attorney has a special privilege on the funds under R.S. 9:5001. Judgment was rendered ordering the clerk of court to issue a check in the sum of $2000 payable to Calk's attorney, William Sanders.[1] The seizing creditor, Commercial National Bank, appealed.
The Court of Appeal reversed, determining that R.S. 9:5001's provision for a special privilege for attorneys for the amount of their legal fees "on all judgments obtained by them, and on the property recovered thereby" did not afford a privilege for property recovered by settlement.
We granted writs upon the application of Mr. Calk. Relator presents alternative arguments and relies on either or both of R.S. 9:5001 and R.S. 37:218.[2]
The state of the law in this area, relating to the protection afforded a lawyer for the collection of his fees, can be better appreciated by a brief review of the historical developments surrounding the applicable statutes.
Sections 128 and 2897 of the Revised Statutes of 1870 were identical, and read as follows:
"From and after the passage of this act, in addition to the privileges enumerated in Title Twenty-first of the Civil Code of this State, a special privilege is hereby granted in favor of attorneys at law for the amount of their professional fees on all judgments obtained by them, to take rank as a first privilege thereon."
In the case of Luneau v. Edwards, 39 La.Ann. 876, 6 So. 24 (1887), this court held that section 128 of the 1870 Revised Statutes gave attorneys a privilege on the judgments of their clients, but not on any property recovered in execution of such judgments.
This Court affirmed Luneau, just one year later, in Weil et al. v. Levi et al., 40 La.Ann. 135, 3 So. 559 (1888) stating:
"The statute in terms confers `a special privilege * * * in favor of attorneys at law on * * * all judgments obtained by them.' Privileges are stricti juris, and cannot be extended by inference to other objects than those mentioned in the statute granting them. Guided by this familiar rule of interpretation, our conclusion is that the opponent's demand is unfounded, and should have been rejected. In our opinion this statute was not intended by the legislature to confer upon an attorney at law a lien or privilege upon his client's property, real or personal, for professional services rendered in the maintenance of his possession or ownership thereof."
Both of these cases dealt with the issue of whether an attorney had a privilege on the proceeds he recovered by judgment in his client's lawsuit, and both held that he did not.
*498 In the case of Smith v. V., S. & P. Railroad Co., 112 La. 985, 36 So. 826 (1904), the client's case did not reach judgment. The attorney filed suit for the client, but before judgment, the suit was settled. The attorney was claiming to have a privilege on the proceeds of the settlement. This Court held, "The case here, as to lien vel non, was not within the terms of the statute, as no judgment had yet been obtained. Rev.St. § 128."
All three of the foregoing cases influenced the Legislature in the enactment of Act No. 124 of 1906, which reads as follows:
"AN ACT (# 124)
To amend and re-enact Section 2897 of the Revised Statutes of 1870.
Be it enacted by the General Assembly of the State of Louisiana, That, Section 2897 of the Revised Statutes of 1870 be amended and re-enacted so as to read as follows:
In addition to the privileges enumerated in title twenty-first of the Civil Code of Louisiana, a special privilege is hereby granted to attorneys-at-law for the amount of their professional fees on all judgments obtained by them, and on the property recovered by said judgment, either as plaintiff or defendant, to take rank as a first privilege thereon.
Provided, that, by written contract signed by the client, attorneys-at-law may acquire as their fee in such matter an interest in the subject matter of the suit, proposed suit or claim, in the prosecution or defense of which they are employed, whether such suit or claim be for money or for property, real, personal or of any description whatever. And in such contract of employment, it shall be lawful to stipulate that neither the attorney nor the client shall have the right, without the written consent of the other, to settle, compromise, release, discontinue or otherwise dispose of such suit or claim. Either party to said contract shall have the right at any time to file same with the clerk of the District Court where the suit is pending or is to be brought, and to have a copy made and served on the opposing party and due return made as in case of petitions in ordinary suits; from and after the date of such service, any settlement, compromise, discontinuance or other disposition made of such suit or claim by either the attorney or the client without the written consent of the other, shall be null and void, and such suit or claim shall be continued and proceeded with as if no such settlement or discontinuance had been made." (Emphasis provided)
The last clause of the first paragraph of the act was added as a result of the Luneau and the Weil cases. Those cases rendered Section 2897 (and Section 128) virtually ineffective since they held that the attorney's privilege did not extend to the proceeds recovered from the judgment but rather to the judgment alone. The clause emphasized above was added to breathe life back into Section 2897.
Even with the addition of the above clause, the attorney would still have been left unprotected if he settled the case rather than bringing it to judgment, as was held in Smith. To remedy this situation, the Legislature added the second paragraph of Act 124 of 1906. This addition was intended, seemingly at least, to give an attorney comparable protection pre-judgment to that afforded him post-judgment.
In an excellent opinion by Judge Leche, in Davis v. O'Neal, 160 So. 463 (Orl.La.App. 1935), the Court of Appeal, after tracing the historical background of Act 124 of 1906, stated:
"It is our opinion, as stated above, that the two paragraphs of the act relate to different situations, and that each was intended to provide a remedy in the particular circumstances contemplated by it, namely, that paragraph 1 was intended to confer a special privilege to take rank as a first privilege, not only on the judgment obtained, but on the property recovered by said judgment, and was enacted in view of the decisions in Luneau v. Edwards and Mechanics' & Traders' Insurance Co. v. Levi et al, [40 La.Ann. 135, *499 3 So. 559] supra. It is our further opinion that paragraph 2 of Act No. 124 of 1906 was intended to protect an attorney in the event of a compromise, settlement, or other disposition of the case before a judgment was obtained and was designed by the Legislature to remedy the situation obtaining in the case of Smith v. V., S. & P. Railroad Co., supra."
We believe that it was the intent of the Legislature, in amending and adding to § 2897 of the Revised Statutes of 1870, to provide attorneys with a privilege on the proceeds recovered by judgment and to give them a corresponding remedy where their case is settled rather than brought to judgment.
In 1950, when our statutes were revised, Act 124 of 1906 was split into two separate statutes, R.S. 9:5001, containing the first paragraph of the Act, and R.S. 37:218, containing the second paragraph. With only some minor amendments, this is the state of the law today.
The relator's contention, that the privilege granted by R.S., 9:5001 applies to the proceeds of settlements as well as judgments, is not well founded. R.S. 9:5001 creates a special privilege to assist the attorney in the collection of his fee only from a judgment and the property recovered by virtue of such judgment. It simply does not relate to the proceeds of settlement. However, this does not resolve the dispute in this case for relator alternatively relies upon R.S. 37:218.
As stated above, from looking at the historical development of R.S. 37:218 and R.S. 9:5001, it is clear that the Legislature added the provisions of the present R.S. 37:218 to assist the attorney in collecting his fee when he settles a case in the same way he is assisted by R.S. 9:5001, when he brings the suit to judgment. This assistance, provided by R.S. 37:218, arguably was in the form of an ownership interest in the client's claim. However, the recent case of Saucier v. Hayes, 373 So.2d 102 (La.1979), held it to be otherwise stating "the `interest in the subject matter of the suit, proposed suit or claim' safeguarded by the statute is, we believe, no more than a privilege granted to aid the attorney's collection of a fully earned fee out of the fund which the satisfaction of the client's claim yields." As explained in Saucier, this interpretation was necessary if the statute was to have any validity at all, for our Code of Professional Responsibility states that a lawyer shall not acquire a proprietary interest in a cause of action. (DR 5-103). Thus, we reasoned that the "interest" which an attorney acquires, under R.S. 37:218, is a privilege rather than an ownership right. Applying Saucier, we hold here that R.S. 37:218 gives the attorney who has a written contract affording him an "interest" in the claim a privilege to the extent of his earned fee on any recovery obtained by settlement.
We must now decide whether the attorney's fee contract must be recorded before the privilege granted under R.S. 37:218 will prime the rights of a seizing creditor obtained under R.S. 13:3864, for in this case the contract was not recorded. Based on the historical developments of R.S. 37:218, and what seems to be the intent of the Legislature in enacting that portion of Act 124 of 1906 which is now R.S. 37:218, we believe that R.S. 37:218 was intended to give attorneys comparable rights as are given in R.S. 9:5001. Under R.S. 9:5001, the attorney does not have to record the contract between himself and his client in order for the attorney to have priority on the proceeds recovered from a judgment on which a creditor has a claim under R.S. 13:3864. See Roberts v. Hanover Insurance Company, 338 So.2d 158 (La.App. 2nd Cir. 1976). Correspondingly, the attorney's fee contract, giving rise to the privilege granted by R.S. 37:218, does not have to be recorded to be effective. However, for the attorney to succeed he must assert his claim by intervention or other legal proceedings prior to disbursement of the proceeds to a third party. Selly v. Watson, 210 So.2d 113 (La.App. 1st Cir. 1968).
The recordation language of R.S. 37:218 appears in the third sentence of the statute. It is unrelated to the substance of the first *500 sentence, by which the contract authorizing acquisition of a fee interest (or privilege, as interpreted in Saucier) is sanctioned, but rather is concerned simply with whether the attorney or the client may settle the case without the other's consent, and further, whether the suit or claim may be proceeded with by the attorney or the client despite settlement or other disposition by one of them.[3] That language, in the third sentence of R.S. 37:218, is not germane to the existence of the privilege created by the first sentence of the statute.
As to the issue of quantum, relator contends that he should have first priority on the funds recovered to the extent of his fee and amounts that he advanced the client during the litigation. In this case, that would come to more than the $2000 recovered. Although Louisiana State Bar Association v. Edwins, 329 So.2d 437 (La. 1976) states it is ethically permissible for an attorney to advance certain clients funds for the payment of medical bills and other necessities, as against a third party these advances do not come within the attorney's privilege granted by R.S. 37:218. That statute grants the attorney a privilege to the extent of his "fee". We determine here that "fee" includes the agreed upon contingency fee, taxable court costs advanced by the attorney, and the attorney's necessary and reasonable expenses in pursuance of the litigation, such as those for investigation and travel. It does not include other advances which are in the nature of a loan, nor does it include the payment or reimbursement of expenses which, like medical bills, constitutes the client's special damages.

Decree
For the reasons assigned, the judgment of the Court of Appeal is annulled, reversed and set aside, and it is now ordered that there be judgment in favor of the relator and against the respondent, Commercial National Bank. The case is remanded to the trial court to determine, in accordance with this opinion, what portion of the $2000 recovery is covered by the attorney's privilege in this case.
JUDGMENT OF THE COURT OF APPEAL REVERSED; REMANDED TO THE DISTRICT COURT.
SUMMERS, C. J., concurs in the result only.
MARCUS, J., concurs and assigns reasons.
MARCUS, Justice (concurring).
I consider that La.R.S. 37:218 allows an attorney to acquire as his fee an "interest" in the claim of his client, rather than merely a privilege on anything recovered. See the dissents in Saucier v. Hayes Dairy Prods., Inc., 373 So.2d 102 (La.1979). Accordingly, I respectfully concur.
NOTES
[1] Apparently, the court concluded that the lawyer was due $800, 40% of the $2000, as his agreed upon contingency fee, and the other $1,200 as reimbursement to him of outstanding costs, expenses or other monies advanced to his client.
[2] R.S. 9:5001. Privilege for fees

A special privilege is hereby granted to attorneys at law for the amount of their professional fees on all judgments obtained by them, and on the property recovered thereby, either as plaintiff or defendant, to take rank as a first privilege thereon.
R.S. 37:218. Contract for fee based on proportion of subject matter; stipulation concerning compromise, discontinuance or settlement
By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution or defense of which he is employed, whether the claim or suit be for money or for property. In such contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file and record it with the clerk of court in the parish in which the suit is pending or is to be brought or with the clerk of court in the parish of the client's domicile. After such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition had been made.
Amended by Acts 1975, No. 670, § 1.
[3] In Scott v. Kemper (No. 62,181), set for oral argument on October 12, 1979, we will consider the following issues: whether an attorney has the right to void a client's settlement made without the attorney's consent; and, whether the attorney has a right to proceed with the claim as if no such settlement, compromise, discontinuance, or other disposition had been made.