BOWES, Judge.
The present matter is before us on appeal from a judgment annulling an earlier confirmation of a default. The facts are as follows.
Mrs. Pauline Martinez, a defendant herein, had sustained an injury in 1975 and had filed a lawsuit in Civil District Court in New Orleans. She was represented in that action by attorneys R. Ray Orrill, Jr. and Wayne Yuspeh. Named as the defendant insurer in the suit was United States Fidelity and Guaranty Company (hereinafter referred to as USF&G). There is nothing in the record to indicate any other connection or relationship whatsoever between Mrs. Martinez and USF&G.
At some point in 1979, plaintiff Edward Alker attempted to enroll as counsel of record in the Martinez suit. This motion was never signed and so presumably denied. The Martinez case evidently proceeded, and Mr. Alker filed a petition in the 24th Judicial District Court in an attempt to enforce a contingency fee contract against Mrs. Martinez. Named as defend *856 ants in that suit were Pauline Martinez and USF & G.
The contract in question reads as follows:
STATE OF LOUISIANA, PARISH OF JEFFERSON:
I, MRS. PAULINE MARTINEZ, DO HEREBY EMPLOY AND RETAIN MR. EDWARD C. ALKER AS MY ATTORNEY TO REPRESENT ME AND TO INVESTIGATE, PROSECUTE, AND COLLECT MY CLAIM FOR DAMAGES AGAINST DARRYL FORD AND U.S.F. & G., WHETHER BY SUIT, COMPROMISE OR OTHERWISE.
I FURTHER AGREE THAT PAYMENT FOR THESE SERVICES WILL BE AN UNDIVIDED INTEREST IN A FULL SIX AND TWO-THIRDS (6⅜) PER CENT, AND I WILL COVER ANY AND ALL EXPENSES HE INCURS WHILE WORKING ON MY CASE.
BY MY RETAINING MR. ALKER AS MY COUNSEL, I AM HEREBY DISCHARGING ANY AND ALL PREVIOUS ATTORNEYS THAT I HAD RETAINED TO REPRESENT ME IN MY CASE. I HAVE SELECTED MR. ALKER ON MY OWN, AFTER TALKING TO SEVERAL OTHER ATTORNEYS, AND HAVE NOT BEEN COERCED INTO RETAINING HIS SERVICES.
THUS DONE AND SIGNED THIS 19TH DAY OF SEPTEMBER, 1979.
Mr. Alker’s suit was filed in December of 1980. On December 7, 1982, he obtained a private process server and apparently obtained service on the defendants. On December 30, Mrs. Martinez filed and obtained an extension of time within which to plead. On January 3, 1983, plaintiff filed a motion for a preliminary default against USF & G only, and confirmed that default on January 6, 1983.
On February 18, 1983, USF&G finally filed an exception of no cause or right of action, a petition for nullity, and request for a restraining order, as well as a motion for appeal. Subsequently, a joint petition for nullity was filed by both defendants alleging the judgment was obtained through fraud and ill practice.
The trial judge granted defendants’ petition and annulled the January 6, 1983 confirmation of default. It is from this judgment that the present appeal is before us. The trial court found that Mr. Alker failed to file and record the fee contract as provided in La.R.S. 37:218, which states:
§ 218. Contract for fee based on proportion of subject matter; stipulation concerning compromise, discontinuance or settlement
By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution or defense of which he is employed, whether the claim or suit be for money or for property. In such contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file and record it with the clerk of court in the parish in which the suit is pending or is to be brought or with the clerk of court in the parish of the client’s domicile. After such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition had been made.
The court further found in well-articulated reasons for judgment that Alker’s failure to record the contract rendered it unenforceable against third parties. While this finding is absolutely correct and renders the contract unenforceable as against USF&G, we find it necessary to clarify the matter somewhat in affirming the result.
*857 In Scott v. Kemper Ins. Co., 377 So.2d 66 (La.1979), the Supreme Court stated:
We have already said that R.S. 37:218 affords the attorney a privilege on the proceeds of the settlement for payment of the fee which he has earned (Saucier v. Hayes [353 So.2d 732 (La.App.1977) ], supra), and that where the settlement funds have not been disbursed, that privilege attaches in preference to the right of the client’s seizing creditor, even where the contract is not recorded. Calk v. Highland [376 So.2d 495 (La.1979)], supra. See also R.S. 9:5001 for similar treatment of the proceeds from judgments and Roberts v. Hanover Insurance Co., 338 So.2d 158 (La.App. 2nd Cir.1976)....
The obvious intent of R.S. 37:218 is to prevent a client’s discharging an attorney and thereby depriving the attorney of his earned fee. Therefore, if the attorney with a written contingency fee contract bearing the no consent stipulation “file[s] and records it with the clerk of court in the parish in which the suit is pending .. ”, then a defendant who disburses the settlement proceeds without ascertaining and paying the fee to which the attorney is due, will do so to his prejudice. The extinguishing effect of the settlement will therefore be suspended, as the Court of Appeal determined in this case, until recognition and payment of the fee to which the attorney is entitled, determined in accordance with the principles established in Saucier.
Unlike the situation in Calk, where recordation of the contingency fee contract is irrelevant in a contest between an attorney and the client’s creditor, imposition of an obligation upon the client’s obligor in the suit to retain settlement funds until determination of fee entitlement, is dependent upon the attorney’s full compliance with R.S. 37:218, including the recordation of the contract as stipulated therein, [emphasis supplied]
We should additionally note that the contract in the present suit does not bear the “no consent” stipulation which, if properly recorded, might serve to nullify any judgment or compromise made in contravention of such a clause.
In the present case, the vehicle through which Alker might have requested relief against USF&G possibly would have been a petition for intervention in the main action in Civil District Court, if he were able to prove an earned fee and establish a privilege. In his memorandum to the court, Alker refers to an amorphous petition for intervention filed against USF&G, as well as an indemnification agreement between Mrs. Martinez and USF&G. These documents are mysteriously absent from the record and in any case do not form a basis for judgment in the Jefferson Parish courts.
Whatever Alker’s action against USF & G may be, it is most certainly not one in contract, based on the documents filed into the record. The contract was between plaintiff and Mrs. Martinez and, under the facts, is utterly without effect as to USF&G. Mr. Alker has thus obtained a default judgment on a cause of action which quite simply does not exist.
While this court is inclined to believe that Alker must have been so aware, his knowledge of the law is irrelevant. C.C.P. Article 2004[1] is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983).
*858 We find that a suit on a cause of action which does not exist is an “ill practice” within the contemplation of Article 2004 sufficient to annul a judgment.
Therefore, the judgment of the trial court is affirmed. Appellant is taxed all costs of appeal.
AFFIRMED.

. Art. 2004. Annulment for vices of substance; peremption of action
A final judgment obtained by fraud or ill practices may be annulled. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.