490 So.2d 1093 (1986)
Pamela Boothe WALTON, Plaintiff-Appellee,
v.
Robert Earl WALTON, Defendant-Appellant.
No. 85-254.
Court of Appeal of Louisiana, Third Circuit.
April 29, 1986.
William Henry Sanders, Jena, Wilson M. Montero, Jr., Metairie, H. James Lossin, Jr., Jonesville, for defendant-appellant.
Kathy J. Johnson, Jonesville, for plaintiff-appellee.
Before LABORDE, YELVERTON and FONTENOT,[*] JJ.
H. WARD FONTENOT, Judge Pro Tem.
This case presents a question of the correct distribution of funds resulting from the settlement of a personal injury claim. A short summary of the pertinent facts leading up to the dispute is as follows:
Robert Earl Walton sustained an injury on April 5, 1978. He was then married to Pamela Boothe Walton. Sometime about the month of December, 1980, Mr. Walton entered into a contract of employment with Attorney William Henry Sanders relating to his legal claim arising from the injury. On May 15, 1981, a Petition for Separation from Bed and Board was filed on behalf of Mrs. Walton, and on June 12, 1981, a judgment on an incidental rule was rendered providing that Mr. Walton pay unto Mrs. Walton the sum of $55.00 per week as alimony pendente lite. On August 27, 1981 a Judgment of Separation was rendered between the two parties continuing the $55.00 per week obligation. After a Petition for Divorce filed by Mr. Walton, a final Judgment of Divorce was rendered on May 27, 1982 continuing the $55.00 per week payment as child support for minor children. Thereafter, the wife obtained an executory judgment against the husband for past due child support and related expenses. Mrs. Walton had writs of fieri facias issued against the claim arising out of Mr. Walton's mentioned injury and, consequently, the compromise settlement *1094 funds from a Federal Court action were deposited into the registry of the 7th Judicial District State Court. This appeal was taken from a contradictory hearing held to determine the proper disbursement of the funds between the husband, the wife and the attorneys.
The settlement funds received for Mr. Walton's injury were in a lump sum and the trial judge did not have the benefit of knowing whether the amount represented general damages, special damages or a mixture of both. The parties had remained married for approximately one-half of the time elapsing between the time of the injury and that of the settlement. On that basis, the trial court apportioned the settlement at 50% to Walton's separate estate and 50% to the community estate between the Waltons. Following that, the trial court recognized that the attorneys representing the claimant were entitled to the agreed-upon contingency of the settlement, to court costs, and to the necessary and reasonable expenses incurred in preparation for litigation. After that deduction, the trial court apportioned the remainder equally between the community estate of Mr. and Mrs. Walton and Mr. Walton's separate estate. The latter was subject to the writs of fieri facias which Mrs. Walton had issued against the funds.
Of the various decisions made by the trial court in effecting this disbursement, only one remains for review by this court.
Appellant assigns as error the failure of the trial court to include, as part of the privileged attorney's fee, an invoice for the Houston International Clinic. It is urged that this indebtedness should be given a favored status in the distribution for one of several reasons. It is urged that (1) the medical bill has been guaranteed by the attorneys representing the claimant and should be given the attorney's privilege provided by R.S. 37:218; (2) the agreement by Mr. Walton to secure medical services from Houston International Clinic was made when the community was still intact and all expenses incurred thereafter are contracted debts of the community; and (3) the contingency contract was entered into by Mr. Walton during the existence of the community and Mrs. Walton does not occupy the status of a seizing third party creditor, but is bound by the equities between the parties.
It is well settled that a privilege granted statutorily in derogation of a common right must be strictly construed. That principle will defeat appellant's first contention and is best stated by an earlier case presenting this very same issue, wherein our Supreme Court said:
"That statute grants the attorney a privilege to the extent of his `fee'. We determine here that `fee' includes the agreed upon contingency fee, taxable court costs advanced by the attorney, the attorney's necessary and reasonable expenses in pursuance of the litigation, such as those for investigation and travel. It does not include other advances which are in the nature of a loan, nor does it include the payment or reimbursement of expenses which, like medical bills, constitutes the client's special damages." Calk v. Highland Construction & Manufacturing, 376 So.2d 495 (La.1979).
Thus, Mr. Walton's medical bills, whether advanced by his attorneys or guaranteed by them, are not granted the attorney's privilege and form no part of their fee.
Appellant's claim that all indebtedness to the Houston International Clinic is a community debt is based upon Plaintiff's Exhibit 4. This is an itemized statement of the account of Robert Walton showing that his initial consultation was in January of 1981 and it gives the date and brief descriptions of all the treatment thereafter. The bulk of all charges incurred took place after the dissolution of the community.
It is elementary that neither party can contract a debt on account of the community after it has been dissolved. Plaintiff's Exhibit P-6 does not even purport to be a binding contract for future medical care. The trial court correctly refused to consider medical expenses incurred *1095 after the effective date of dissolution of the community estate in making his distribution.
As to appellant's third contention, the trial court pointed out that Mrs. Walton had not signed the contingency contract and that the contract had not been recorded. He dealt with appellant's argument as follows:
"Of course, Mr. Walton does owe Dr. McCutchen (Houston International Clinic) for medical services the doctor rendered for him, and to Messrs. Sanders and Montero for advances they made to him for medical services and travel expenses; but Dr. McCutchen and Messrs. Montero and Sanders cannot collect that amount to the exclusion of a seizing third party. In this case, Mrs. Walton is a third party in that she is a seizing creditor...."
The distribution made by the trial court of the settlement funds was correct and the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[*] Honorable H. Ward Fontenot, Judge Pro Tempore.