WILLIAM A. CULPEPPER, Judge Pro Tem.
This case arose from a three-car collision between vehicles driven by Donald Durr, Bennie Ray Saucier and Dessie Gay.
Saucier was driving his employer’s vehicle within the course and scope of his employment at the time of the accident. Durr and Hunt Process Corp.-Southern (Durr’s employer and the owner of the vehicle driven by Durr) filed suit against Audubon Insurance Company (Dessie Gay’s insurer) and Allstate Insurance Company (Durr’s uninsured motorist insurer). Audubon Insurance Company then filed an answer and invoked a concursus proceeding, naming Durr, Allstate, Hunt Process Corp.-Southern, Saucier, Metal Parts, Inc. (Saucier’s employer), Commercial Union Insurance Company (Metal Parts, Inc.s' insurer), United States Fidelity & Guaranty Company (hereinafter USF & G) (Metal Parts, Inc.’s worker’s compensation insurer) and Eirdis Gay (Dessie Gay’s guest passenger) as third party defendants. Audubon deposited its policy limits of $30,025 in the registry of the court and cited and served the eight above-named third party defendants as claimants to that fund.
Thereafter, Eirdis Gay filed suit against Audubon Insurance. Saucier filed suit against Dessie Gay and Audubon Insurance.
All of the third party defendants failed to file a timely answer to the concursus proceeding except Durr. Durr then filed an ex parte motion for limitation of the time to answer under LSA-C.C.P. art. 4657 and a certificate of service of process of the motion upon Audubon Insurance and upon Allstate Insurance. The motion was granted and Saucier, USF & G, Commercial Union, Metal Parts, Inc., Hunt Process Corp.-Southern, Allstate Insurance and Eirdis Gay were ordered to answer within ten days of publication of the order or be thereafter estopped from asserting their claims. Only Allstate Insurance answered timely and the court dismissed the other third party defendants’ claims. Saucier, USF & G, Commercial Union and Metal Parts, Inc. answered and asserted recon-ventional demands after the ten-day period. They have appealed the dismissal of their claims on the grounds that:
1. They were not served with the motion for limitation of time to answer, as required under LSA-C.C.P. arts. 1312 and 1313; and
*974 2. LSA-C.C.P. art. 4657 is unconstitutionally defective in its notice requirements.
We find the case can be resolved under issue No. 1 and will not address issue No. 2. The judgment is reversed.
ANALYSIS
The motion for a limitation of time to answer in a concursus proceeding is authorized in LSA-C.C.P. art. 4657, as set forth below:
“Art. 4657. Failure of defendant to answer timely
“If a defendant fails to answer within the delay allowed by law, any party may move for an ex parte order of court limiting the time in which an answer may be filed in the proceeding. In such event, the court shall order all defendants who have not answered to file their answers within a further delay to be assigned by the court, not exceeding ten days from the service or publication of the order.
“If not more than five defendants have failed to answer timely, a copy of this order of court shall be served on each. If more than five defendants have failed to answer timely, a notice of the order of court limiting the delay for answering shall be published once in the parish in which the proceeding was filed, in the manner provided by law.
“The failure of a defendant to file an answer within the delay as extended by the court precludes him thereafter from filing an answer, or from asserting his claim against the plaintiff.” (Emphasis supplied)
Giving the exact language of LSA-C.C.P. art. 4657 its literal meaning, as required by LSA-C.C. art. 13, paragraph 2 of art. 4657 states the court’s “order,” not the ex parte motion, may be served by publication when more than five defendants have not answered. A distinction between the ex parte motion and the resulting order must be made. Although the rationale behind Article 4657 may arguably be unclear, since service of the ex parte “motion” is required no matter how many defendants have not answered while mere publication of the “order” is acceptable if there are more than five defendants, this court will not second-guess the legislature by adding “and the ex parte motion” to Article 4657, paragraph 2. Our jurisprudence has established the rule that statutes which give priorities in favor of one class of persons, in derogation of the common rights of the others, must be strictly construed. Walton v. Walton, 490 So.2d 1093 (La.App. 3d Cir.1986); Calk v. Highland Construction & Manufacturing, 376 So.2d 495 (La.1979).
The appellees have analogized LSA-C.C.P. art. 4657 to a default judgment proceeding, in asserting that service of the ex parte motion on the defendants was not required. We will discuss this argument only because Durr has made it.
First, we note, that Durr apparently felt some service of the ex parte motion was necessary, since Audubon and Allstate were served with it. Why he felt Allstate had to be served, but not the other claimants, is difficult to understand.
Second, we would point out that LSA-R. S. 13:3480,[1] relating to service of process in a default proceeding on nonresident defendants through the secretary of state, requires the plaintiff to prove service of the petition on the defendant by filing in the proceedings a return receipt or affida *975 vit before the default judgment can be rendered. In the case before this court, six of the eight defendants in the concursus proceeding were nonresidents to be served through the secretary of state.[2]
Finally, in a default judgment proceeding, service of the petition on the defendant and a prima facie case must be proven by the plaintiff, in order to protect the defendant against whom an unopposed judgment will be rendered. Likewise, under LSA-C. C.P. art. 4657, the concursus defendants are given greater protection than in an ordinary default proceeding. Since the claimants’ rights in the concursus proceeding will be completely cut off by their failure to answer within ten days from service or publication of the order limiting their time to answer, the claimants should be served with the ex parte motion, as required for any written pleading, just as they must be given additional notice of the “order” by its service or publication. Thus the claimant is afforded greater protection than in an ordinary ex parte motion proceeding because of the harshness of the penalty for failure to answer. Therefore, an analogy to a default judgment is not helpful to the appellees’ position in this case.
The extreme unjustness of Durr’s construction of LSA-C.C.P. art. 4657 is demonstrated by the present case. These nonresident defendants would have had to read a Natchitoches newspaper (where the order was published) when they had no notice that it was necessary.[3] Although the order was signed on May 1, it was not published until May 11. Without service of the motion, these nonresident defendants would have had to read this Natchitoches newspaper on a daily basis for an indefinite time to be sure to see the order.
We conclude it is reasonable and equitable to distinguish between the ex parte motion made to obtain the order, and the order itself, in our reading of LSA-C.C.P. art. 4657, and that this is what the legislature intended.
Under our construction of C.C.P. art. 4657, the motion should have been served in accordance with law. An ex parte order of court is defined in LSA-C.C.P. art. 963, which provides in pertinent part.
“If the order applied for by written motion is one to which mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing the adverse party.” (Emphasis supplied.)
A written motion in a civil action is a pleading. LSA-C.C.P. art. 852. “Every pleading subsequent to the original petition shall be served on the adverse party as provided by LSA-C.C.P. art. 1313 or 1314, whichever is applicable.” LSA-C.C.P. art. 1312. Since an ex parte motion is a nonre-sponsive pleading, the method of its service is governed by LSA-C.C.P. art. 1313.
LSA-C.C.P. art. 1313 requires the party or counsel making service thereunder to file in the record a certification of the manner in which service was made. A certificate of service is presumed to be correct. Hall v. Hall, 460 So.2d 1053 (La.App. 2d Cir.1984). Failure to effect service of process in a civil proceeding, except summary and executory proceedings, renders all proceedings absolutely null. Peschier v. Peschier, 419 So.2d 923 (La.1982).
*976 The appellants contend they were not served with the motion to limit the time to answer. Durr has not offered any evidence of service on the appellants as required by LSA-C.C.P. art. 1313. Indeed, the certificate of service submitted herein by .Durr is its own best evidence of his failure to serve the motion on the appellants. Therefore, the trial court was in error in dismissing the appellants’ claims, in absence of service of the motion on the appellants.
Appellee Durr cites Shell Oil Co. v. Minvielle, 491 So.2d 785 (La.App. 3d Cir.1986), a concursus in which the State was a defendant. The State failed to answer for over 16 years. Another defendant filed a motion under LSA-C.C.P. art. 4657 requiring the State to answer within ten days, and later obtained a judgment barring the State’s claim. The delay for appeal expired and the State filed a motion to annul the judgment on the grounds that the Minv-ielles did not comply with LSA-C.C.P. art. 1704, which requires service on the attorney general before a default judgment is taken against the State. The court held LSA-C.C.P. art. 1704 does not apply to concursus. That case, and others cited in the opinion, are distinguished from the present case in that they did not involve the issue presented here regarding the difference between the “motion” and the “order” referred to in LSA-C.C.P. art. 4657.
CONCLUSION
Accordingly, the judgment appealed is vacated and the case is remanded to the trial court for further proceedings in accordance with law and the views expressed herein. The costs of appeal are assigned to the appellees.
JUDGMENT VACATED AND CASE REMANDED.

. § 3480. Service of citation on secretary of state; sending or delivering notice and copies; filing receipt or affidavit; continuances Service of citation in any case provided in R.S. 13:3479 shall be made by serving a copy of the petition and citation on the secretary of state, or his successor in office, and such service shall be sufficient service upon any such non-resident; provided that notice of such service, together with a copy of the petition and citation are forthwith sent by registered mail by the plaintiff to the defendant, or actually delivered to the defendant, and the defendant's return receipt, in case notice is sent by registered mail, or affidavit of the party delivering the petition and citation in case notice is made by actual delivery, is filed in the proceedings before judgment can be rendered against any such non-resident. The court in which the action is pending may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action.

. Bennie Saucier; Hunt Process Corp.-Southern; Metal Parts, Inc.; Commercial Union Insurance Co.; USF & G; Allstate Insurance Co.

. ORDER
Considering the above and foregoing, it is hereby ordered that the individuals and/or corporations set forth hereinbelow file an answer in the above entitled and numbered matter not later than 10 days from the publication of this order in accordance with law, and, in the event said answer is not filed within said delay, that these individuals and/or corporations shall be forever barred from asserting any claims against the funds on deposit herein or against Audubon Insurance Company.
The individuals who are hereby subject to this order are as follows: (A) Benny Saucier, (B) Hunt Process Corporation-Southern, (C) Metal Parts, Inc., (D) Eirdis Gay, (E) Commercial Union Insurance Company, (F) United States Fidelity & Guaranty Company, and (G) Allstate Insurance Company.
THIS ORDER SIGNED at Natchitoches, Natchitoches Parish, Louisiana, this 1st day of May, 1986.