LeBLANC, Judge.
The issue in this case is whether certain expenses are included within the statutory privilege granted to attorneys upon judgments obtained by them, to the extent of their fees.
Following trial of this personal injury suit, judgment was rendered in favor of plaintiff, Timothy Dusenbery. The trial court finding plaintiff was entitled to $22,-000.00 in general damages and $4,297.76 for past medical expenses. After allowing credit for $22,000.00 previously paid to plaintiff, the court rendered judgment against defendant, Aetna Life & Casualty *683 Company, in the amount of $4,297.76. With the addition of judicial interest, the total amount due plaintiff from Aetna was $7,927.15.
Upon learning of this judgment, Mr. Du-senbery’s former wife, Marchelli Huddle-ston Dusenbery, obtained a writ of fieri facias seizing his interest in the Aetna judgment, in order to satisfy a $6,400.00 executory judgment previously rendered against him for child support arrearages. Aetna thereafter deposited $7,927.15 in the Registry of the Court and filed a rule to determine how these proceeds should be distributed.
At the hearing on this matter, plaintiff’s attorney, Keith Whipple, argued that he was entitled to an attorney’s privilege on the judgment proceeds to the extent of his contingency fee and expenses. The trial court recognized a privilege in favor of Mr. Whipple for $4,028.40, which was comprised of his contingency fee ($3,170.86) and various litigation expenses ($857.54), which are not disputed on appeal. However, the trial court refused to extend the privilege to the following expenses incurred by plaintiff and personally guaranteed by Mr. Whipple: Terrebonne Physical Therapy ($620.00); Dr. Chris Cenac, medical charges ($120.00); hospital supplies ($151.94); and, Dr. Thomas Givens, court testimony ($200.00). After deducting the amount covered by Mr. Whipple’s privilege, the remaining proceeds on deposit (i.e., $3,898.75) were awarded to Marchelli Hud-dleston Dusenbery in partial satisfaction on her judgment against Mr. Dusenbery. Mr. and Mrs. Dusenbery each appealed this judgment. However, Mrs. Dusenbery subsequently abandoned her appeal, having failed to either assign or brief any alleged trial court errors. In fact, Mrs. Dusenbery specifically asserts in her appellee brief that the judgment rendered by the trial court is “correct & proper”.
On appeal, plaintiff argues that the trial court erred in refusing to extend Mr. Whipple’s privilege to the expenses listed above. La.R.S. 9:5001, which grants attorneys a privilege for their fees, provides as follows:
A special privilege is hereby granted to attorneys at law for the amount of their professional fees on all judgments obtained by them, and on the property recovered thereby, either as plaintiff or defendant, to take rank as a first privilege thereon, (emphasis added)
La.R.S. 37:218 grants attorneys a privilege comparable to that granted by La.R.S. 9:5001, when a case is settled rather than brought to judgment. Calk v. Highland Const. & Mfg., 376 So.2d 495, 499 (La.1979). In delineating the extent of the privilege granted by La.R.S. 37:218, the court in Calk stated that the statute:
... grants the attorney a privilege to the extent of his “fee”. We determine here that “fee” includes the agreed upon contingency fee, taxable court costs advanced by the attorney, and the attorney’s necessary and reasonable expenses in pursuance of the litigation, such as those for investigation and travel. It does not include other advances which are in the nature of a loan, nor does it include the payment or reimbursement of expenses which, like medical bills, constitutes the client’s special damages. 376 So.2d at 500 (Emphasis added)
We hold that the extent of the attorney’s fee privilege granted by La.R.S. 9:5001 is the same as that delineated in Calk with regard to R.S. 37:218, since the intent of the latter provision was to give attorneys rights comparable to those granted in R.S. 9:5001, in situations where a case settles rather than proceed to judgment. See Calk, 376 So.2d at 499.
Applying the principles' of Calk to the present case, we find no error in the trial court’s refusal to extend a privilege to the expenses at issue. Calk clearly states that the attorney’s fee privilege does not extend to medical bills. Also see, Walton v. Walton, 490 So.2d 1093 (La.App.3d Cir.1986). The only expense that plaintiff claims should have been included within the privilege, which is not a medical bill, is Dr. Givens’ expert witness fee. With respect to this claim, we note initially that plaintiff did not introduce a statement from Dr. Givens specifying the amount of his court *684 appearance fee. Further, even if plaintiff had supplied documentation of Dr. Givens’ alleged $200.00 fee, we note from the record that the trial court, in its original judgment in this suit, awarded Dr. Givens a $250.00 expert witness fee, which was cast as costs against Aetna. Accordingly, this is an expense which clearly is not within the scope of the attorney’s fee privilege, since the court has ordered another party to pay it.
For these reasons, the judgment of the trial court is affirmed[1]. Appellant is to bear all costs of appeal.
AFFIRMED.

. In view of our finding that the disputed expenses were not within the scope of the statutory attorney's fees, it is not necessary for us to determine whether this privilege is applicable when an attorney has merely guaranteed payment of a bill, rather than actually having paid it. Accordingly, we express no opinion on this issue.