h CARAWAY, J.
This suit, labeled as a concursus action, was instituted as a summary proceeding without ordinary service of citation. The suit seeks to have an attorney, who succeeded the plaintiff in the representation of plaintiffs former client, deposit into the registry of the court $65,000 which the plaintiff claims is owed him under a contingent fee contract and subject to a privilege for legal services. The trial court granted the defendant/attorney’s exceptions of unauthorized use of summary proceeding and no cause of action and dismissed the suit without prejudice. We now amend the judgment of dismissal and, as amended, affirm.

Facts

In April 1997, Roderick Whitfield (“Whitfield”) retained James E. Ross, Jr. (“Ross”) to pursue a civil action (hereinafter the “Whitfield Suit”) for the death of his son, Christopher Whitfield, who was killed in a vehicular accident. Whitfield executed a contingent fee legal service agreement with Ross. The contract provided that Whitfield would not settle his claim without Ross’s consent. After Ross had filed the suit and allegedly provided 180 hours of legal services, Whitfield changed legal representation from Ross to Lavalle B. Salomon (“Salomon”). Ross then filed an attorney’s lien in the Whitfield Suit for the value of legal services rendered.
The present action was filed by Ross against Salomon and Jerold Johnson, the attorney who represented the defendants in the Whitfield Suit. This suit is entitled “Petition for Concursus.” Its prayer for relief seeks a judgment for Ross’s legal fees “in accordance with his lien” and further prays that Salomon be ordered to deposit the legal fee in the amount of $65,000 into the registry of the court. The suit was filed without the issuance of citation to the defendants. The defendants were ordered to appear in court through a summary rule to show cause.
1 ¡..The petition alleges that in December 1998, the Whitfield Suit settled, but the parties were not able to agree on the amount of the settlement to be paid to Ross. A portion of the settlement was released to Whitfield, while a portion covering Ross’s claimed fees was retained in Salomon’s trust account. The petition alleges that Johnson was advised to make Ross “a payee on all proceeds” of any settlement, but the petition does not specifically pray for judgment against Johnson.
Through exceptions, Salomon argued to the trial court that Ross improperly brought this action as a summary proceeding, because the Code of Civil Procedure contemplates that a concursus proceeding be brought as an ordinary proceeding. Additionally, Salomon argued that Ross’s petition failed to state a cause of action because a concursus proceeding is available to a party who is in possession of funds to which the impleaded defendants have competing claims, but is not available where there is no dispute among the defendants impleaded in the concursus proceeding.
The rule was heard in March 1999, and the trial court granted both the dilatory exception of unauthorized use of summary proceeding and the peremptory exception of no cause of action. Although the trial court recognized the propriety of both exceptions, the court dismissed Ross’s claim without prejudice.

Discussion

In two significant rulings by the Louisiana Supreme Court in 1979, the court reviewed the attorney’s privilege under La. R.S. 37:218(A)[1] in situations where the *631 attorney's former client settled a suit in which the attorney provided legal services. Calk v. Highland Construction & Manufacturing, 376 So.2d 495 (La.1979); Scott v. Kemper Insurance Company, 377 So.2d 66 (La.1979). Calk ruled that the statute “gives the attorney who has a written contract affording him an interest in the claim a privilege to the extent of his earned fee on any recovery obtained by settlement.” Calk, supra, 376 So.2d at 499. The court further said that for the attorney to succeed collecting his fee pursuant to the statutory privilege, he must assert his claim of privilege by intervention or other legal proceedings prior to disbursement of the proceeds to a third party. Id. In Scott, the court made the following observations:
The obvious intent of R.S. 37:218 is to prevent a client’s discharging an attorney and thereby depriving the attorney of his earned fee. Therefore, if the attorney with a written contingency fee contract bearing the no consent stipulation “file[s] and records it with the clerk of court in the parish in which the suit is pending ... ”, then a defendant who disburses the settlement proceeds without ascertaining and paying the fee to which the attorney is due, will do so to his prejudice.
In this dispute, Ross apparently did not choose to intervene in the Whitfield Suit where the settlement occurred. The parties in that suit included Ross’s former client, Whitfield, who may be contractually indebted to Ross under the fee agreement. That contractual obligation would be the principal obligation for which the law affords the protection of the privilege. The defendants in the Whitfield Suit who may have disbursed the settlement proceeds to the prejudice of Ross’s rights are not defendants in this action. An intervention by Ross in the Whitfield Suit might have resolved his claim against the parties to that suit for attorney’s fees and the privilege through a summary proceeding incidental to that action. However, Ross’s election to sue Salomon, who was never a party to the Whitfield Suit, must be brought by an 1 ¿ordinary action. An action to enforce a hen of this nature is not included as a summary proceeding listed under La. C.C.P. art. 2592. The trial court’s granting of the dilatory exception of unauthorized use of summary proceedings is affirmed.
Moreover, in view of the law regarding the attorney’s privilege discussed above, the legal basis for Ross’s claim against Salomon is unclear from the pleadings. Ross never prays for a personal judgment against Salomon. Additionally, a concursus proceeding may be used by a person against whom multiple claims are asserted, although liability on some or all of the claims is denied. Comments, La. C.C.P. art. 4652. Ross has no such exposure to multiple claims, and he may not use the concursus proceeding to require the deposit of a sum amounting to a possible obligation owed by Salomon, and allegedly subject to a privilege, into the registry of the court in advance of judgment.[2] Compare, Bienville Holding Co., Inc. v. *632 Quality Machine & Supply, Inc., 29,113 (La.App.2d Cir.12/11/96), 685 So.2d 429.
Accordingly, we likewise affirm the trial court’s granting of the exception of no cause of action. Nevertheless, in consideration of La. C.C.P. arts. 933 and 934, while it is unclear whether Ross can plead a cause of action in an ordinary proceeding against Salomon regarding this attorney’s fee controversy, we amend the trial court’s judgment sustaining the exceptions to order Ross to amend his petition within fourteen (14) days of the finality of this judgment. In the absence of an amendment stating a cause of action in an ordinary proceeding, Ross’s claims against Salomon shall be dismissed with prejudice. Costs of this appeal are assessed to appellant.
JUDGMENT AMENDED, AND AS AMENDED, AFFIRMED.

. La. R.S. 37:218(A) provides: "By written contract signed by his client, an attorney at *631 law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution, or defense of which he is employed, whether the claim or suit be for money or for property. In such contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue, or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file and record it with the clerk of court in the parish in which the suit is pending or is to be brought or with the clerk of court in the parish of the client’s domicile. After such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition had been made.”

. The obtaining of a writ of sequestration under La. C.C.P. art. 3571 for the protection of a privilege and the seizure of property subject to the privilege in advance of judgment is an altogether different procedure from a concursus proceeding.