CULPEPPER, Judge.
This is a concursus proceeding, authorized by LSA-R.S. 9:4804, involving claims under a private building contract. The plaintiff, Magnon Electric, Inc., is a claimant under a contract for the electrical work. Named as defendants are the general contractor, J. P. Van Way Engineer • — Contractors, Inc.; the owner, Congregation of Sacred Heart of Mary Roman Catholic Church; the surety on the construction bond, United Bonding Insurance Company; and about 22 various suppliers of labor and materials who filed liens. The district judge rendered judgment in favor of only three claimants, Magnon Electric, Inc., Point Coupee Lumber Company, Inc. and Gulf Hardware, Inc. The judgment is against the general contractor, the bonding company and the owner in so-lido. The only appeal is by the owner, Congregation of Sacred Heart of Mary Roman Catholic Church.
The substantial issues on appeal are: (1) Should we grant plaintiff’s motion to dismiss the owner’s appeal on the grounds that the owner’s failure to answer the con-cursus petition within the delays provided by LSA-C.C.P. Article 4657, precludes the owner from appealing the judgment against it? (2) Does the failure of the claimants to object to the sufficiency or solvency of the surety on the bond, within ten days after the filing of the concursus petition, LSA-R.S. 9:4805, bar the claimants from seeking personal liability against the owner? (3) Should plaintiff’s alternative request to remand the case for further evidence on the merits be granted?
The facts show that on January 22, 1969, the owner entered into a written agreement with the contractor to build an elementary school building for a price of $200,453. A surety bond for the performance of the contractor’s obligations was furnished by United Bonding Insurance Company and these two documents were duly recorded.
The plaintiff, Magnon Electric, Inc., entered into a subcontract with the general contractor for the electrical work at a price of $19,000. On December 5, 1969, plaintiff filed a lien stating that it had performed its contract but the general contractor had failed to pay the $19,000.
By an act of acceptance recorded on March 9, 1970, the owner accepted the building as completed. This concursus proceeding was filed on October 13, 1970. Only the three claimants involved in this appeal, including the plaintiff, presented evidence at the hearing to support their claims. Judgment was rendered in favor of these three and against the general contractor, the surety and the owner in solido. The owner appealed.
PLAINTIFF’S MOTION TO DISMISS THE OWNER’S APPEAL
The plaintiff, Magnon Electric, Inc., filed a motion to dismiss the owner’s appeal on the grounds that it has “no right to appeal”, LSA-C.C.P. Article 2162. The argument is that the owner’s failure to answer the concursus petition within the delays provided by LSA-C.C.P. Article 4657 precludes it from asserting any rights or appealing the judgment rendered against it. Article 4657 reads as follows:
“If a defendant fails to answer within the delay allowed by law, any party may move for an ex parte order of court limiting the time in which an answer may be filed in the proceeding. In such event, the court shall order all defendants who have not answered to file their answers within a further delay to be assigned by the court, not exceeding ten days from the service or publication of the order.
“If not more than five defendants have failed to answer timely, a copy of this order of court shall be served on each. If more than five defendants have failed *853 to answer timely, a notice of the order of court limiting the delay for answering shall be published once in the parish in which the proceeding was filed, in the manner provided by law.
“The failure of a defendant to file an answer within the delay as extended by the court precludes him thereafter from filing an answer, or from asserting his claim against the plaintiff.”
A reading of Article 4657 and the Official Revision Comments thereunder shows clearly that its purpose is to provide reasonable notice to claimants to appear and answer within a specified time, after which a claimant who fails to file an answer shall be precluded “from asserting his claim against the plaintiff.” The delays for answering apply only to claimants. They do not apply to debtors. This article is included in Title X of our Code of Civil Procedure, which sets forth the general provisions for concursus proceedings. In such proceedings, the plaintiff is usually the person who is or may be liable to two or more persons having conflicting claims to money, property, etc., LSA-C.C.P. Article 4651. Article 4657 does not contemplate the special type of concursus proceeding authorized by LSA-R.S. 9:4804, where a claimant can file a concursus petition.
Applicable here are LSA-C.C.P. Article 2082, et seq., setting forth the general rules of appellate procedure. In the present case a final judgment has been rendered against the owner in the total sum of approximately $25,000, plus interest, court costs and attorney’s fees. A party against whom such a judgment is rendered has an absolute right of appeal, unless otherwise clearly provided by law. There is no law barring the owner’s appeal in this case.
ON THE MERITS
LSA-R.S. 9:4805 reads as follows:
“If no objections are made by any of the recorded claimants to the sufficiency or solvency of the surety on the bond within ten days after the filing of the said concursus, the court shall, upon application, order its clerk to give to any party interested a certificate to that effect, and on presentation of the said certificate to the recorder of mortgages or the clerk of court, he shall cancel and erase all inscriptions created, by the recordation of the said contracts, bonds, and claims, except in favor of the contractor as herein-before provided, but the liability of the surety on the bond shall not be in any wise affected or discharged thereby.”
In the present case the concursus petition was filed on October 13, 1970. No objections were made by any of the claimants to the sufficiency or solvency of the surety on the bond within ten days after the filing of the concursus. Actually, the record does not show that any such objections have ever been filed by any of the claimants. The only thing in the record to show the insolvency of the surety is a motion filed on May 20, 1971 by attorneys for the Louisiana Insurance Guaranty Association, created by Act 81 of 1970, appearing for and on behalf of the surety, United Bonding Insurance Company. Attached to this motion is a copy of a judgment of the Nineteenth Judicial District Court, Parish of East Baton Rouge, dated March 8, 1971, holding that the United Bonding Insurance Company is insolvent and naming the insurance commissioner of the State of Louisiana as receiver. When this motion was filed, the previous counsel for the surety withdrew from this case.
Under the express provisions of LSA-R.S. 9:4805 the claimants have ten days after the filing of the concursus petition within which to object to the sufficiency or solvency of the surety. If no such objection is timely made, “the court shall, upon application order its clerk to give to any party interested” a certificate for the cancellation of any liens, claims, etc., except those in favor of the contractor, but the liability of the surety on the bond shall not be affected. An obvious *854 purpose of this statute is to allow the claimants ten days after the concursus proceeding is filed within which to object to the bond. If no such objection is made, the owner can secure cancellation of the liens against his property and claimants are relegated to recovery on the bond.
In the present case the owner did not request any such certificate. However, the statute sets no delay within which the owner is required to request such a certificate and it would appear that he may still do so.
Apparently, the problem here arises because the claimants did not know, when the concursus proceeding was filed, that the surety was insolvent. Hence, they did not file their objections within ten days. The surety was not declared insolvent in Louisiana until about six months after the concursus proceeding was filed. However, the statute is clear. The risk of the insolvency of the surety is borne by the owner only until the period of ten days elapses. After that time, the risk of the surety’s insolvency is borne by the claimants. Supporting our position is the jurisprudence that labor and material liens, being in derogation of the rights of owners, are construed strictly in favor of the owner and against the claimants, Pringle Associated Mortgage Corporation v. Eanes, 208 So.2d 346 (1st Cir. 1968) and authorities cited therein.
PLAINTIFF’S ALTERNATIVE DEMAND FOR REMAND
As an alternative to plaintiff’s motion to dismiss the owner’s appeal, it requests that the case be remanded to the district court for the introduction of evidence. Plaintiff says it omitted to furnish certain proof because no objection was made at the hearing on the merits. Specifically, no evidence was introduced to show that, at the time of filing its lien, the plaintiff served the owner by registered mail or personal service with a sworn statement of the amount of the claim, as required by LSA-R.S. 9:4802.
In view of the conclusion which we have already reached, rejecting the demands of all claimants against the owner and its property, it is unnecessary for us to further consider the request for remand.
For the reasons assigned, the judgment appealed is reversed and set aside insofar as it decrees liability on the part of the owner, Sacred Heart of Mary Roman Catholic Church. Also, the judgment is reversed and set aside insofar as it recognizes the liens of the three claimants named against the property of the owner as described. It is now ordered, adjudged and decreed that all demands of the claimants against the owner, Sacred Heart of Mary Roman Catholic Church, for money judgment and recognition of their liens, be rejected. Otherwise, the judgment appealed is affirmed. All costs of the district court, as well as the costs of this appeal, are assessed against J. P. Van Way Engineer-Contractor, Inc. and United Bonding Insurance Company in solido.
Reversed in part and affirmed in part.