FORET, Judge.
The sole issue involved in this case is whether C.C.P. art. 1704 applies to concur-sus proceedings commenced under C.C.P. art. 4657.
This is a concursus proceeding involving certain monies derived from oil and gas production by Shell Oil Company on land located in Section 41, Township 14 South, Range 7 East, in Iberia Parish. Shell Oil Company provoked this concursus proceeding joining as defendants the Minvielle family and the State of Louisiana, through the State Mineral Board and State Land Office. The monies derived from the oil and gas production by Shell were deposited into the court registry. The suit was filed originally on November 18, 1968, and a judgment was granted on December 12, 1984, in favor of the Minvielles.[1]
PROCEDURAL HISTORY OF THE CASE
As mentioned above, Shell Oil Company filed the original petition for a concursus proceeding on November 18, 1968. The State Mineral Board was served on November 21,1968, through E.H. Rohorer, Executive Secretary. On December 5, 1968, private counsel, Edward M. Carmouche, was enrolled on behalf of the State. A motion for extension of time in which to plead in favor of the State on December 5, 1968, extended the time to plead to February 4, 1969. No answer was ever filed by the State.
On December 23, 1968, Roland H. Minv-ielle, et al, filed an answer to Shell’s petition. Thereafter, Shell filed a first amending petition on February 25, 1969. On October 27, 1969, Shell filed a second amending petition. A third amending petition was filed by Shell on August 10, 1970.
Inasmuch as there were more than five defendants who had not answered the 1st, 2nd, and 3rd amending petitions, including the State, who had not even filed answer to the original petition, the trial judge, on September 24, 1984, in accordance with C.C.P. art. 4657, ordered all defendants to file answers to the original and amending petitions within ten days of the publication of his order. See Art. 4657, quoted, post. On September 26, 1984, a notice ordering all defendants to answer within ten days from publication was published in the Daily Iberian in accordance with C.C.P. art. 4657. On September 26, 1984, Roland H. Minvielle, et als, filed an answer to the first, second, and third amending petitions.
On December 11, 1984, an affidavit of publication of the court order was filed into the record. On December 12, 1984, a certificate of publication with no opposition, showing the State of Louisiana did not answer within ten days of the court order, was filed into the record. On that same day, a judgment in favor of the Minvielles, recognizing them as owners of the disputed lands and ordering the funds deposited in the court registry to be paid to them was granted.
The judgment was signed on December 12, 1984, and the appeal delays have *787 elapsed.[2] On October 10, 1985, the State filed a motion to annul the judgment, because the Minvielles failed to follow C.C.P. art. 1704.[3] On November 14, 1985, the motion was heard and denied. The judgment was signed on December 16, 1985 in favor of the Minvielles and against the State. The State appeals.
The State urges us to reverse the trial court’s decision denying their motion to annul because they argue the trial court inaccurately interpreted C.C.P. art. 1704. The trial court ruled that Art. 1704 is inapplicable in a concursus proceeding. We agree.
The State argues that Art. 1704 clearly overrules any other previously enacted provision of law, including provisions dealing with concursus proceedings, which were enacted prior to the enactment of Art. 1704. The State contends that the purpose of Art. 1704 is to prevent default judgments from being taken against the State without proper notice to the Attorney General’s office. The case of Bonnette v. Caldwell Parish Police Jury, 415 So.2d 247 (La.App. 2 Cir.1982), cited by the State in brief, is inapplicable to the facts of this case because the proceeding was an ordinary proceeding which clearly fit the provisions of Art. 1704.
Under C.C.P. art. 4656, every defendant in a concursus proceeding is considered as being both plaintiff and defendant with respect to all parties involved. If a defendant fails to answer timely, issue need not be joined by default.
Art. 4657 provides:
“Art. 4657. Failure of defendant to answer timely
If a defendant fails to answer within the delay allowed by law, any party may move for an ex parte order of court limiting the time in which an answer may be filed in the proceeding. In such event, the court shall order all defendants who have not answered to file their answers within a further delay to be assigned by the court, not exceeding ten days from the service or publication of the order.
If not more than five defendants have failed to answer timely, a copy of this order of court shall be served on each. If more than five defendants have failed to answer timely, a notice of the order of court limiting the delay for answering shall be published once in the parish in which the proceeding was filed, in the manner provided by law.
The failure of a defendant to file an answer within the delay as extended by the court precludes him thereafter from filing an answer, or from asserting his claim against the plaintiff.”
This article provides for statutory estop-pel. Every claimant is provided with ample *788 opportunity, before trial, to study the pleadings of all other claimants. A defendant who does not answer timely is given a second opportunity to do so, but is es-topped if he neglects to take advantage of the second opportunity. See Official Comments following Art. 4657.
A proper court order issued in accordance with Art. 4657 on September 24, 1984, and all proper notices were published. The State never did file answer though it had 16 years to do so. The Minvielles are clearly correct in arguing that the State is now precluded from filing an answer or asserting its claim.
In Texaco, Inc. v. Blanchard, 295 So.2d 78 (La.App. 1 Cir.1974), a reverse situation existed. There, a concursus proceeding was filed, and judgment by way of confirmation of default was entered. The court ruled that a judgment by way of confirmation of default in a concursus proceeding was contrary to the provisions of Art. 4657, and therefore the judgment was reversed and set aside. Texaco clearly indicates that the C.C.P. articles on default judgments do not apply in concursus proceedings. The fact that Art. 1704 was adopted subsequent to Texaco does not alter the situation.
The purpose for enacting Art. 4657 was to prevent defendants from unduly delaying or retarding the progress of concursus proceedings indefinitely. The Official Comments indicate the great difficulty encountered with default process in a concursus proceeding, and further indicate the specific intent of the legislature to use a different process such as the notice by publication provided for, where there are multiple defendants.
Because Articles 4656 and 4657 provide specific procedural methods to address situations where defendants fail to answer in a concursus proceeding, these provisions are the obvious exceptions mentioned in the opening phrase of Art. 4662. Art. 4662 states that, “Except as otherwise provided in this title and by law, the rules applicable to an ordinary proceeding, apply as far as practicable to a concursus proceeding.”
We believe that the Minvielles followed the rules pertaining to concursus proceedings and have obtained a valid judgment. Furthermore, Art. 4657 precludes the States from thereafter filing an answer or asserting any claim against these plaintiff. Consequently, the State has been statutorily estopped. In Magnon Electric, Inc. v. J.P. Van Way Engineer-Contractors, Inc., 256 So.2d 851 (La.App. 3 Cir.1972), our Court held that where an answer was not filed within the delays provided by Art. 4657, the claimants were barred from asserting their claim. We reaffirm that decision.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the State of Louisiana, insofar as the State is liable for court costs.
AFFIRMED.

. The judgment also provided for a refund to Shell Oil of that portion of the deposited fund representing the difference between 7/48 and Va royalty interest on production from the "W" Sand Unit A allocated to the “water bottom tract.”

. Under C.C.P. art. 4657, the State is estopped from asserting further claim.

. Art. 1704 provides:
"Art. 1704. Confirmation of judgment by default in suits against the state
"A. Notwithstanding any other provision of law to the contrary, prior to confirmation of a judgment of default against the state or any of its departments, offices, boards, commissions, agencies, or instrumentalities, a certified copy of the minute entry constituting the judgment entered pursuant to Article 1701, together with a certified copy of the petition or other demand, shall be sent by the plaintiff or his counsel to the attorney general by registered or certified mail, or shall be served by the sheriff personally upon the attorney general or the first assistant attorney general at the office of the attorney general. If the minute entry and the petition are served on the attorney general by mail, the person mailing such items shall execute and file in the record an affidavit stating that these items have been enclosed in an envelope properly addressed to the attorney general with sufficient postage affixed, and stating the date on which such envelope was deposited in the United States mails. In addition the return receipt shall be attached to the affidavit which was filed in the record.
B. If no answer is filed during the fifteen days immediately following the date on which the attorney general or the first assistant attorney general received notice of the default as provided in Subsection A of this Section, a judgment by default entered against the state or any of its departments, offices, boards, commissions, agencies, or instrumentalities may be confirmed by proof as required by Article 1702.”