STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2019 CA 0252

GLASSELL PRODUCING COMPANY, INC., ET AL.

VERSUS

JUNIUS A. NAQUIN, ET AL.

JUDGMENT RENDERED:    **FEB 1 8 2020**

* * * * * * *

Appealed from the
Seventeenth Judicial District Court
In and for the Parish of Lafourche • State of Louisiana
Docket No. 126754 • Div. "A"

The Honorable John E. LeBlanc, Judge Presiding

* * * * * * *

Raymond A. Beyt                        ATTORNEYS FOR APPELLANTS
Aaron D. Beyt                          PLAINTIFFS—Glassell Producing
Lafayette, Louisiana                   Company, Inc. *et al.*


Daniel A. Cavell                       ATTORNEYS FOR APPELLEES
Robert N. Cavell                       DEFENDANTS—Anita Gonzales, *et al.*
Thibodaux, Louisiana


Woody Falgoust                         ATTORNEYS FOR APPELLANT
Cassie Rodrigue Braud                  DEFENDANT—Carol Naquin
Thibodaux, Louisiana                   Boudreaux


* * * * * * *

**BEFORE:  MCCLENDON, WELCH, AND HOLDRIDGE, JJ.**

**WELCH, J.**

This is a concursus proceeding involving a dispute over proceeds from the production of an oil and gas well, which were deposited into the registry of the court. The defendant, Carol Naquin Boudreaux, and the plaintiffs, Clare Attwell Glassell, widow of Alfred C. Glassell, Jr.; Alfred C. Glassell, III, as trustee under the last will and testament of Alfred C. Glassell, Jr.; and Woodrow A. Holland and John M. Robb, as co-trustees of the Alfred C. Glassell, Jr. Children's Trust for Jean Curry Glassell under the Last Will and Testament of Alfred C. Glassell, Jr.,[1] appeal a judgment in favor of the defendants, Sheila Richard Breaux, Angela Richard White, Ernie Richard, Jr., Travis Richard, Rene J. Durocher, Leo Durocher, Anita Maxwell Gonzales, and Laurie M. Bergeron (who are the heirs of Dolores Naquin Richard Durocher and collectively referred to hereinafter as "the heirs of Dolores"), awarding the heirs of Dolores the funds on deposit in the registry of the court. Finding no error in the judgment of the trial court, we affirm and issue this memorandum opinion in compliance with Uniform Rules—Courts of Appeal, Rule 2-16.1(B).

The factual and procedural history of this case is set forth in more detail in this Court's earlier opinion in this case, **Glassell Producing Company, Inc. v. Naquin**, 2016-0549 (La. App. 1st Cir. 7/5/17), 224 So.3d 56, writ denied, 2017-

---

[1] The original plaintiffs herein were Glassell Producing Company, Inc. and Legacy Trust Company, N.A. ("Legacy"), as Ancillary Provisional Administrator of the Succession of Alfred C. Glassell, Jr. Following the entry of a judgment of possession in the matter entitled "Succession of Alfred C. Glassell, Jr.," probate number 21084 on the docket of the 17th Judicial District Court for Lafourche Parish, Legacy was removed as the provisional administrator, and Clare Attwell Glassell, widow of Alfred C. Glassell, Jr.; Alfred C. Glassell, III, as trustee under the last will and testament of Alfred C. Glassell, Jr.; and Woodrow A. Holland and John M. Robb, as co-trustees of the Alfred C. Glassell, Jr. Children's Trust for Jean Curry Glassell under the Last Will and Testament of Alfred C. Glassell, Jr., were placed into possession of the oil, gas, and mineral leases at issue herein.

As a result of the judgment of possession, a motion to substitute Clare Attwell Glassell, widow of Alfred C. Glassell, Jr.; Alfred C. Glassell, III, as trustee under the last will and testament of Alfred C. Glassell, Jr.; and Woodrow A. Holland and John M. Robb, as co-trustees of the Alfred C. Glassell, Jr. Children's Trust for Jean Curry Glassell under the Last Will and Testament of Alfred C. Glassell, Jr., as plaintiffs in lieu of Legacy was filed and granted.

1253 (La. 10/27/17), 228 So.3d 1224. Essentially, Junius A. Naquin ("Junius"), Carol Naquin Boudreaux ("Carol"), and Dolores Naquin Richard Durocher ("Dolores") were siblings and each inherited an undivided one-third (1/3) interest in their father's one-sixteenth (1/16) interest in a particular tract of immovable property.[2] The history of the property revealed that in 1947, the siblings' ancestor-in-title granted a mineral lease covering the one-sixteenth property interest ("the 1947 lease"). The 1947 lease provided for a one-eighth (1/8) reserved landowner's royalty, and shortly thereafter, production under the lease commenced. The 1947 lease was in effect when Carol, Junius, and Dolores inherited their interests in the property. Thus, they each acquired title to the property (an undivided one-third interest in one-sixteenth of the property) subject to the 1947 mineral lease, which provided a one-eighth royalty. **Glassell Producing Company, Inc.**, 224 So.3d at 58-59.

In August and October of 1993, while the 1947 lease was still in effect, Junius and Dolores each entered into an act of cash sale with Carol, wherein each conveyed a royalty interest to Carol (collectively "the 1993 deeds"). The 1947 lease remained in production until April 1998, when the holders of the 1947 lease filed an Act of Release of Oil, Gas and Mineral Lease in the conveyance records. Thereafter, on May 15, 1998, Carol entered into a new mineral lease with Alfred

---

[2] In the plaintiffs' petition, the property is more particularly described as follows:

> That certain tract or parcel of land containing thirty-one (31) acres, more or less, being situated in the West Half of the East Half of the Southeast Quarter (W/2 of E/2 of SE/4) of Section 57, Township 15 South, Range 15 East, Lafourche Parish, Louisiana, being bounded now or formerly, as follows: North by Dewey Adams, East by the heirs of Joseph A. Adams, South by Lyric Realty & Parking Company and West by Joseph V. Roger, et al, and being the same lands acquired by virtue of that deed dated March 18, 1902, recorded under the COB 37, Page 694, Records of Lafourche Parish, Louisiana, executed by Cletus Adam in favor of Garciena Adam Naquin, wife of Octave Naquin.

We also note that different documents in the record contain a different accounting of the amount of acreage contained in the tract; however, the boundary owner descriptions in all of the documents are the same. Further, we note that the parties do not contest the property boundary descriptions, or that the property description is otherwise inaccurate.

C. Glassell, Jr., affecting a portion of the property ("the 1998 lease"). Under the terms of the 1998 lease, Carol received a one-sixth royalty interest as part of the consideration for the lease. Alfred C. Glassell, Jr. did not seek or obtain a lease from Dolores or Junius, and production under the 1998 lease commenced in 1999 and remains in production to date. **Glassell Producing Company, Inc.**, 224 So.3d at 59.

On February 5, 2015, a petition for concursus was filed by the then-holder of the 1998 lease, Legacy Trust Company, N.A. and the operator of the well, Glassell Producing Company, Inc. The petition named as defendants Junius, Carol, and the heirs of Dolores. The plaintiffs asserted that the defendants had conflicting claims to the sums accruing from production under the 1998 lease. While there was no dispute that Carol's interest in the property was subject to the 1998 lease, there was a dispute as to the ownership of the remaining 2/3 interest in the oil and gas produced on the property. Therefore, the plaintiffs sought to deposit those sums into the registry of the court (less the cost of drilling, completing, and operating the well) and to require the parties to assert their respective claims to the funds contradictorily against one another. *Id.*; see La. C.C.P. arts. 4658, 4654.

Thereafter, Carol asserted that the 1993 deeds conveyed all of Junius' and Dolores' undivided right, title, and interest in any mineral royalty interest in the property, whereas the heirs of Dolores claimed that the 1993 deeds conveyed only the mineral royalty interest under the 1947 lease. The heirs of Dolores also claimed that Carol had no authority to lease their interest in the property, and thus, maintained that they were unleased owners of the minerals. Junius failed to timely answer, and thereafter, the trial court signed a judgment on October 26, 2015,

precluding him from asserting a claim against the plaintiffs.[3] **Glassell Producing Company, Inc.**, 224 So.3d at 59-60.

Subsequently, the trial court granted summary judgment in favor of the plaintiffs, finding that the 1993 deeds conveyed to Carol all of Dolores and Junius' right, title, and interest in and to the royalties in the property; thus, the heirs of Dolores had no claim to the production proceeds deposited into the registry of the court or to any production proceeds that might thereafter accrue. **Glassell Producing Company, Inc.**, 224 So.3d at 60-61. On appeal, this Court found the 1993 deeds to be a limited conveyance of the royalty interest under the 1947 lease and not a general royalty interest in the defendants' property. Thus, this Court reversed the judgment of the trial court and remanded this matter for further proceedings. **Glassell Producing Company, Inc.**, 224 So.3d at 64-65.

On remand, the heirs of Dolores and Junius filed a rule to show cause seeking to have the funds on deposit in the registry of the court distributed to them. In the rule to show cause, the heirs of Dolores and Junius noted this Court's determination that the 1993 deeds conveyed only Junius and Dolores's royalty interest under the 1947 lease and that Carol had leased and been paid for her interest in the property pursuant to the 1998 lease. Thus, the heirs of Dolores and Junius maintained that they were unleased owners of the property in dispute and entitled to the funds on deposit in the registry of the court. Carol opposed the motion. After a hearing, the trial court signed a judgment on September 18, 2018, in favor of the heirs of Dolores, awarding them the funds on deposit in the registry of the court. Therein, the trial court also determined that Junius had no claim to the funds and further, dismissed Carol's claim to the funds. From this judgment, the plaintiffs and Carol have appealed.

---

[3] Junius did not seek appellate review from this ruling of the trial court.

First and foremost, there is no dispute that Carol's royalty interest from the production of the well was not deposited into the registry of the court and that she was paid for her royalty interest pursuant to the lease. Furthermore, given this Court's ruling in **Glassell Producing Company, Inc.**, 224 So.3d at 64-65, the plaintiffs and Carol also do not dispute that the heirs of Dolores were entitled to one-half the funds on deposit in the registry of the court. Rather, their contention on appeal is that the trial court erred in not awarding Carol the other one-half of the funds on deposit in the registry of the court, *i.e.*, the funds attributable to Junius's interest in the property. The plaintiffs and Carol argue that since Junius was estopped from asserting his interest in the funds, Carol was entitled to the funds attributable to his interest in the property because she was the only claimant adverse to Junius. On the other hand, the heirs of Dolores argue that the trial court correctly determined that they were entitled to all of the funds. The heirs of Dolores point out that the funds on deposit in the registry of the court were the proceeds from the production of the oil and gas well that accrued for the benefit of the unleased landowners and since the record and law reflects that the heirs of Dolores were the unleased landowners, they were entitled to the funds. We agree.

A concursus proceedings is one in which two or more persons having competing or conflicting claims to money, property, or mortgages or privileges on property are impleaded and required to assert their respective claims contradictorily against all other parties to the proceeding. La. C.C.P. art. 4651. Each defendant in a concursus proceeding is considered as being both a plaintiff and a defendant with respect to all other parties. La. C.C.P. art. 4656. No exceptions or responsive pleadings may be filed to the answer of a defendant, and every fact alleged therein is considered as denied or avoided by effect of law as to all other parties. *Id.* If a defendant fails to answer, the issue need not be joined by default. *Id.* Furthermore, if a defendant fails to file an answer within the delay

6

allowed by law, any party may move for an ex parte order of the court limiting the time delay in which an answer may be filed. La. C.C.P. art. 4657. In such event, the court shall order all defendants who have not answered to file their answers within a further delay to be assigned by the court, not exceeding ten days from the service or publication of the order. *Id.* The failure of a defendant to file an answer within the delay as extended by the court precludes him thereafter from filing an answer, or from asserting his claim against the plaintiff. *Id.*

Louisiana Code of Civil Procedure article 4657 provides for statutory estoppel. **Shell Oil Co. v. Minvielle**, 491 So.2d 785, 787 (La. App. 3rd Cir.), writ denied, 496 So.2d 329 (La. 1986). In other words, a defendant who does not timely answer a concursus is given a second opportunity to do so, but is estopped from asserting a claim if he neglects to take advantage of the second opportunity. **Shell Oil Co.**, 491 So.2d at 788.

A plaintiff in a concursus may deposit into the registry of the court money due one or more defendants as it accrues from time to time. La. C.C.P. art. 4658. A defendant claiming the funds from the registry of the court must first establish his or her legal right to the funds. See **Samedan Oil Corporation v. Ultra Fabricators, Inc.**, 98-1516 (La. App. 3rd Cir. 3/3/99), 737 So.2d 846, 853-854.

In awarding all of the funds on deposit in the registry of the court to the heirs of Dolores, the trial court gave oral reasons for judgment as follows:

> ...The matter's before the [c]ourt for a determination of who should get the proceeds on deposit in the registry of the court.... [The plaintiffs] initially made the deposit in the registry for the benefit of the unleased landowners. ...

> The named defendants were ...Junius[,] ... the heirs of Dolores ... [a]nd ... Carol.... Junius ... failed to timely respond, and I ruled he had no claim to the proceeds.

> ...[A]lthough disputed by Carol ..., she is a leased owner. And the First Circuit has reversed my ruling of any transfer of the interests by others in her favor. And as such, she does not have a claim, and basically stands in the position of not being a party to the proceeding

as a leased owner. And when people for[e]go claims to monies, either on purpose, or by estoppel for failure to act, they don't get to come back in later.... That would not be procedurally correct. And the money doesn't get refunded to the entity that declared it was not its money when it deposited it. That's the reason for the concursus proceedings, is to – "I don't know who owns this. I'm putting it in the registry of the court for the defendants to litigate."

The only litigants remaining are the heirs of Dolores. And, somehow, the argument is made, "Well, that's not fair, because she's getting Junius's money." Well, Junius gave it up. Carol doesn't come back in. She has no interest in the monies that are on deposit in the registry of the court.

Now whether that smells right, feels right, the only entity left ... are the heirs of Dolores. And in a similar fashion, the proceeds that are in the registry of the court ... are hereby awarded to the heirs of Dolores. ...

Based on our review of the record and the applicable law, we find no error in the ruling or judgment of the trial court. First and foremost, we note that in the petition for concursus, the plaintiffs never identified themselves as a claimant to the funds on deposit in the registry of the court. To the contrary, the plaintiffs characterized the dispute as between Carol on the one hand, and Junius and the heirs of Dolores on the other hand, with regard to the ownership of an undivided 2/3 interest in the oil and gas produced on the property. Furthermore, contrary to the argument of the plaintiffs and Carol, Carol was not the only claimant adverse to Junius. Rather, in a concursus, every party is considered adverse to all other parties. See La. C.C.P. art. 4656.

Next, we note that the petition for concursus identified the funds being deposited into the registry of the court as the sums accruing from the production of oil and gas from the property as claimed by Junius and the heirs of Delores. Junius was estopped from claiming his entitlement to the funds due to his failure to timely answer. See La. C.C.P. art. 4657 and **Shell Oil Co.**, 491 So.2d at 788. Carol claimed that she was entitled to those funds on the basis that Junius and Delores transferred their right, title, and interest in all royalties from the property pursuant

to the 1993 deeds, whereas the heirs of Dolores claimed they were entitled to the funds because they were the owners of the property and had not entered into a lease with the plaintiffs. However, in **Glassell Producing Company, Inc.**, 224 So.3d at 64-65, this Court found no merit to Carol's claim when we determined that the 1993 deeds did not convey to Carol all title and interest in all royalties from the property, but rather, only those royalties attributable to the 1947 lease. Thus, we find Carol failed to establish her legal right to the funds on deposit in the registry of the court. Furthermore, the record establishes that the money on deposit in the registry of the court was from the proceeds of production of the oil and gas well that accrued for the benefit of unleased landowners and that the heirs of Dolores are such unleased landowners. As such, the heirs of Dolores were entitled to the funds on deposit in the registry of the court. In accord **Shell Oil Co.**, 491 So.2d at 786-788.

For all of the above and foregoing reasons, the September 18, 2018 judgment of the trial court is affirmed. All costs of this appeal are assessed equally between the defendant, Carol Naquin Boudreaux, and the plaintiffs, Clare Attwell Glassell, widow of Alfred C. Glassell, Jr.; Alfred C. Glassell, III, as trustee under the last will and testament of Alfred C. Glassell, Jr.; and Woodrow A. Holland and John M. Robb, as co-trustees of the Alfred C. Glassell, Jr. Children's Trust for Jean Curry Glassell under the Last Will and Testament of Alfred C. Glassell, Jr.

**AFFIRMED.**

9